JUDGE PRYOR
delivered the opinion oe the court.
The petition in this case alleges that the death of the plaintiff’s intestate was caused by the wrongful acts and negligence of the defendant (the appellee). In what this negligence consisted is set forth in the petition.
It is further alleged that the facts constituting the cause of action originated in the state of Indiana, and a recovery is sought upon an Indiana statute giving to the administrator of an intestate the right to recover damages for the death of the latter caused by the negligence or wrongful act of the defendant.
The mother of the intestate administered on his estate in both the states of Indiana and Kentucky.
The present action was brought by the Indiana administratrix, with an allegation disclaiming to sue as the Kentucky administratrix. The Kentucky administratrix, prior to the institution of the present action, had instituted an action in the Jefferson Court of Common Pleas, alleging the same facts constituting the negligence of the appellee, resulting finally in the death of her intestate, but seeking to recover (as maintained by counsel) damages only for the mental and bodily suffering of the intestate, by reason of this negligence, prior to his death. A motion was made requiring the party to elect as to the action she would prosecute. That seems to have been *146 abandoned; and then a plea in abatement was filed to the present action, setting forth the pendency of the action filed in the same court for the same injury. The case was heard on that plea, and the action dismissed without prejudice.
Conceding the appellant to have a cause of action, and that it can be maintained in the state of Kentucky, as argued by counsel, why is it that the action must be instituted in the name of a foreign administrator when there is an administrator in this state? We find no precedent sanctioning such a practice, or any statute of this state vesting this right of action in any other personal representative than the one qualifying here, after such qualification has taken place. The statute expressly provides that “ if there be an exeoutor or administrator of such decedent qualified by a court of this commonwealth, he alone shall have power to sue,” etc. (General Statutes, p. 453, sec. 45, art. 2, of chap. 39.)
This may be said to apply in a case where the intestate was a non-resident at the time of his death.
If the administrator qualifying in the state where the nonresident intestate died is not permitted to institute the action in the state where there is a resident administrator, it will not be contended that the foreign administrator can come to the domicil of the intestate where an administrator has already qualified, and undertake, regardless of the rights of the resident administrator, to administer the estate.
It is maintained, however, that as the petition discloses the fact that the personal representative instituting the action is both the foreign and resident administratrix, therefore the cause of action exists.
The appellant expressly disclaims that the proceeding is by her as a resident administratrix; and if this is to be regarded as mere surplusage, still the plea in abatement was properly sustained.
There were two actions pending by the same person, as the *147 personal representative of John A. Conner, upon the same state of facts and for the same identical acts or omissions of duty on the part of the appellee constituting the foundation of each action. So we have the personal representative instituting an action for the mental and bodily suffering of the intestate caused by the alleged negligence of the appellee, and still another action by the same representative for the death of his intestate caused by this same negligence — the same acts of negligence or omissions of duty causing directly the wrongs complained of.
Counsel'has proceeded on the idea that for the bodily and mental suffering of the intestate, his death not being immediate, the cause of action survived to this extent to his personal representative; and that for the death of the intestate the personal representative, for the benefit of his next of kin, under the Indiana statute, or the personal representative, under our statute, or the widow, etc., can maintain an independent action; that two causes of action survive, one by the rules of the common law, and another by reason of the statute.
We can not concur with counsel as t.o this view of the case. The acts causing the death of the party, from either the willful or ordinary negligence of the party charged, constitute but one cause of action, whether the measure of recovery sought is for the suffering of the intestate during his life or for the willful negligence causing his death. Different degrees of negligence can not be established from the same acts of the party charged, so as to create different causes of action in favor of the party injured, or the injuries resulting from such negligence so severed as to create distinct causes of action by the same person. The statute has only enlarged the remedy, and given to parties a cause of action unknown to the common law. The party entitled to bring the action, either at common law or under the statute, must make his election; and while the right of recovery under our statute for willful negligence may increase *148 the measure of recovery, such an action is a bar to a cause of action that survived at common law upon the same facts. The acts constituting the wrong being inseparable, a recovery by the administrator for the mental and bodily suffering of the intestate is a bar to any proceeding under the statute, either by the personal representative or the next of kin.
The case of Hansford’s adm’x v. Payne & Co. * does not establish a contrary doctrine; but it is there said: “If a party elects to sue and enforce the right of action that survives to him, he will not be allowed afterward to avail himself of the punitive statute and also to recover under its provisions.”
Judgment affirmed.

11 Bush, 380.