CASE 88.—ACTION BY JOHN RAYMONDS' ADMINISTRATOR AGAINST THE LOUISVILLE RAILWAY CO.—December 14, 1909.

## Louisville Ry. Co. v. Raymond's Adm'r

Appeal from Jefferson Circuit Court (Common Pleas Branch, Third Division).

MATT O'DOHERTY, Judge.

Judgment for plaintiff, defendant appeals.—Reversed.

1. Death—Action for Death—Statutory Cause of Action—New Cause of Action.—At common law, though an action to re-cover for pain and suffering of a person injured might be re-vived by his personal representative, still, where death re-sulted immediately, no action could be maintained therefor. Const. Sec. 241, provides that, when the death of a person shall result from an injury inflicted by a wrongful act, dam-ages may be recovered therefor, the action until otherwise provided by law to be prosecuted by the personal representa-tive of decedent. Ky. St. sec. 6 (Russell's St. sec. 11). passed in pursuance thereof, provides how the remedy shall go and to whom belonged. Held, that the Constitution and statute did not create a new cause of action distinct from that which accrued to decedent.

2. Election of Remedies—Rule at Common Law—Single Remedy for Wrong.—It is a rule of the common law to allow only one remedy for one wrong, though several different remedies may be provided.

3. Election of Remedies—By Administrator—Effect Upon Bene-ficiaries.—If an administrator should elect to sue upon the common-law right of action for injuries to his decedent, and it should be made to appear to the court on the settlement of his accounts that the death of decedent was due to the

injury the court would not permit his election to defeat the statute, and would treat the fund in his hand so recovered as belonging to those who would be its beneficiaries if he had sued under the statute.

4.   Evidence—Secondary Evidence—Absence of Predicate—Physician's Death Certificate.—The statute does not make a physicians death certificate evidence in judicial proceedings, and, where it was not shown that the physician had died, the certificate was inadmissible; his testimony being the best evidence.

FAIRLEIGH, STRAUS & FAIRLEIGH and HOWARD B. LEE for appellant.

POPHAM & WEBSTER and MORTON K. YONTS for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

John Raymond was struck by a street car of the Louisville Railway Company on October 16, 1906. On November 24, 1906, he made a compromise with it by which he accepted $20 in full settlement of all claims which he had against it as a result of the accident. He died on May 19, 1907, and on May 1, 1908, this action was brought against the railway company by his personal representative to recover damages for the loss of his life; it being alleged that his death was the result of the injury he received, and that this was by reason of the negligence of the railway company. The company pleaded in bar of the action, among other things, the written settlement which it had made with the decedent. The circuit court sustained the plaintiff's demurrer to this paragraph of the answer, and, the case having been tried, there was a verdict and judgment in favor of the plaintiff for $3,500. The railway company appeals.

The first question arising upon the appeal is as to the propriety of the action of the court in sustaining the demurrer to that part of the answer pleading the

settlement made with the deceased.   In Eden v. Lexington, etc., R. R. Co., 14 B. Mon. 204, it was held by this court that, though an action to recover for pain and suffering of a person injured might be revived by his personal representative, still, where death resulted immediately, no action could be maintained for the loss of the life of a human being.   To remedy this ruling, which was made in the year 1853, at the next session of the Legislature in the year 1854 (Act 1853-54, p. 175, c. 964), an act was passed which provided that, if the life of any person not in the employment of a railroad company should be lost by reason of its negligence, the personal representative might maintain an action and recover damages "in the same manner that the person himself might have done for any injury where death did not ensue."

By another section of the same act it was provided that, if the life of any person was lost by the willful neglect of another, then his personal representative should have the right to sue and recover damages for the loss of his life.   See 2 Stanton's Rev. St. p. 510. Under this statute, the employes of a railway company were placed upon a different footing from other persons, and only railway companies were made liable to an action for death unless there was willful negligence.   The statutes thus stood until the revision of 1873 (Gen. St. 1873, c. 57, Sec. 3), when the Legislature modified the section as to willful neglect by providing that "the widow, heir or personal representative of the deceased" might bring an action. Gen. St. 1888, c. 57, pp. 774, 777, Sec. 3.   Under this amendment, it was held by the court that, where the decedent left no widow or children, there could be no recovery for his death under the willful neglect section.   Henderson v. K. C. R. R. Co., 86 Ky. 389, 5

S. W. 875, 9 Ky. Law Rep. 625. So it was that railroad companies were not liable for the death of their employes unless there was willful neglect, and the deceased left widow or children. Other corporations or persons were not liable at all except in case of willful neglect, and only then when the deceased left widow or children. Thus matters stood when the constitutional convention met in 1891.

To put all persons and corporations on the same footing, and to allow a recovery in all cases whether the deceased left widow or children or not, they adopted the following: "Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then, in every such case, damages may be recovered for such death, from the corporations and persons so causing the same. Until otherwise provided by law, the action to recover such damages shall in all cases be prosecuted by the personal representative of the deceased person. The General Assembly may provide how the recovery shall go and to whom belong; and until such provision is made the same shall form part of the personal estate of the deceased person." Const. Sec. 241. At the first meeting of the General Assembly after the adoption of the Constitution the following provision was made by statute: "Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then in every such case, damages may be recovered for such death from the person or persons, company or companies, corporation or corporations, their agents or servants, causing the same, and when the act is willful or the negligence is gross, punitive damages may be recovered, and the action to recover such damages shall be prosecuted by the personal representative of the deceased.

The amount recovered, less funeral expenses and the cost of administration, and such costs about the recovery, including attorney's fees, as are not included in the recovery from the defendant, shall be for the benefit of and go to the kindred of the deceased in the following order, viz.: (1) .If the deceased leaves a widow or husband, and no children or their descendants, then the whole to such widow or husband. (2) If the deceased leaves either a widow and children or a husband and children, then one-half to such widow or husband and the other one-half to the children of the deceased. (3) If the deceased leaves a child or children, but no widow or husband, the whole to such child or children. If the deceased leaves no widow, husband or child, then such recovery shall pass to the mother and father of deceased, one moiety each, if both be living; if the mother be dead and the father be living, the whole thereof shall pass to the father; and if the father be dead and the mother be living, the whole thereof shall go to the mother; and if both father and mother be dead, then the whole of the recovery shall become a part of the personal estate of the deceased; and after the payment of his debts, the remainder, if any, shall pass to his kindred more remote than those above named, as is directed by the general law on descent and distribution." Ky. St. Sec. 6 (Russell's St. Sec. 11).

The decision of this court in the case of Eden v. Lexington, etc., R. R. Co., followed a like decision in the courts of England. To meet that decision the English Parliament passed what is known as "Lord Campbell's act" in 1846, which was more or less followed in our act of 1854, and by like acts in other states both before and since. The purpose of Lord Campbell's act and the various acts in this country

following it was to do away with the common-law principle that a civil action could not be maintained to recover damages for the death of a human being. It was steadily maintained by this court under the acts in force previous to the adoption of the present Constitution that, if a person was injured and did not die immediately, an action might be maintained after his death by his personal representative upon the cause of action which accrued to him at the time of his injury, and in point of fact many actions were maintained by personal representatives in this way where there could be no recovery for damages because the decedent left no widow or children, or where for other reasons a recovery could not be had under the statute for his death. But, while it was steadily maintained that the personal representative might sue upon the common-law cause of action which had accrued to the decedent if he survived the injury for a time, it was steadily maintained that he could not sue upon this cause of action, and at the same time sue under the statute to recover for the death of his decedent.

Both before the adoption of the Constitution and since, it has been held that in such a case the personal representative must elect whether he will sue upon the common-law cause of action which accrued to the decedent or upon the cause of action accruing to him under the statute. See Hansford v. Payne, 11 Bush, 385; Conner v. Paul, 12 Bush, 144; Donahue v. Drexler, 82 Ky. 157, 56 Am. Rep. 886; Hackett v. Louisville, etc., R. R. Co., 95 Ky. 236, 24 S. W. 871, 15 Ky. Law Rep. 612; L. & N. R. R. Co. v. McElwain, 98 Ky. 700, 34 S. W. 236, 18 Ky. Law Rep. 379, 34 L. R. A. 788, 56 Am. St. Rep. 385; O. & N. R. R. Co. v. Barclay, 102 Ky. 16, 43 S. W. 177, 19 Ky. Law Rep. 997. In

Lewis v. Taylor Coal Company, 112 Ky. 851, 66 S. W. 1045, 23 Ky. Law Rep. 2218, 57 L. R. A. 447, the court, reviewing its previous decisions on the subject, said: "At common law the right of action for the injury to the person abated on the death of the party injured. Under Ky. St. Sec. 10 (section 2), the cause of action for personal injury, causing physical and mental suffering, does not abate on the death of the injured person, except actions for assault, slander, and criminal conversation, and so much of the action for criminal conversation as is intended to recover for personal injury. These questions are reviewed by this court in Railroad Company v. McElwain, 98 Ky. 700, 34 S. W. 236, 18 Ky. Law Rep. 379, 34 L. R. A. 788, 56 Am. St. Rep. 385. So, under the principles of the common law, if appellee had, through its agent, inflicted the injury which resulted in physical pain and mental suffering and death, neither cause of action would have survived.

This court has held that the cause of action for damages resulting in death cannot be joined with the cause of action for physical pain and mental suffering; that a recovery for one bars an action for the other." In the subsequent case of L. & N. R. R. Co. v. Simrall, 104 S. W. 1199, 32 Ky. Law Rep. 240, the court, responding to the petition for rehearing, said: "Nothing in the opinion was intended as an intimation that there could be two actions maintained for a single wrong—one to recover for pain, suffering, etc., and another for the death of the person injured where he afterwards died. It has been often held that two such actions cannot be maintained for one wrong— the personal injury." It was pointed out by this court in Conner v. Paul, and in Donahue v. Drexler, that the statute allowing a recovery in the case of

death was only intended to enlarge the remedy and to allow a recovery when, under the facts, the decedent might have recovered if he had not died.   It was accordingly held under that statute, and has been held under the present statute, that contributory negligence on the part of the decedent bars a recovery. Passamaneck v. Louisville R. R. Co., 98 Ky. 195, 32 S. W. 620, 17 Ky. Law Rep. 763; Clarke v. L. & N. R. R. Co., 101 Ky. 34, 39 S. W. 840, 18 Ky. Law Rep. 1082, 36 L. R. A. 123; Toner v. South Covington, etc., R. R. Co., 109 Ky. 41, 58 S. W. 439, 22 Ky. Law Rep. 564.   There can be no substantial distinction between acts done by the decedent at the time of the injury or after the injury as affecting the right of his personal representative to recover where such acts on his part would bar him from recovering.

The rule that a personal representative cannot sue upon both causes of action is based upon the ground that the defendant committed a single wrong, the negligence or wrongful act which caused the injury, and that, while the law gives two remedies for the wrong, it was not contemplated that two recoveries should be had for one wrong.   The plain purpose of the act of 1854 was simply to do away with the common-law holding that no recovery could be had when death resulted immediately.   The cause of action by that act was vested in the personal representative, and it was manifestly intended only to give him a remedy in cases where before there had been no remedy. The debates of the Constitutional Convention show that their purpose was to remove the inequalities which existed under the statutes then in force.   They put actions for death from negligence or wrongful act on the same plane, and they manifestly did not intend to interfere in any way with the common-law right

of action which accrued to the person injured where he survived the injury, and died subsequently. They used no words showing an intention, however, to allow two actions to be maintained by the personal representative for one wrong, and we think it manifest that, if there had been no further legislation, it would hardly be maintained that under the Constitution two actions might be maintained by the personal representative, one to recover for pain and suffering, etc., and the other for the death of the decedent.

But manifestly the statute was only intended to carry into effect the provisions of the Constitution; and, while it provides how a recovery shall go in an action to recover for death from negligence or wrongful act, this manifestly was not to create a right of action in the beneficiaries, but only to protect the recovery for their benefit from the claim of others. When the Legislature passed this statute, this court had several times held that the personal representative could not sue upon both causes of action, and if the Legislature had contemplated changing that rule, and allowing two actions to be maintained for one injury, it must be presumed it would have clearly so declared; for it has long been a rule of the common law to allow only one recovery for one wrong, although several different remedies may be provided. If notwithstanding his settlement the representative of the decedent may recover in this action, he might equally recover if the decedent had brought a suit and recovered a large sum for his injury before his death. The amount of the settlement is not material except as the amount paid may throw light on the good faith of the settlement, and that question is not now here, as the court sustained a demurrer to the plea.

The precise question we have before us was before the English court in Reed v. Great Eastern R. R. Co., 3 Q. B. 555. The court among other things said: "The intention of the statute is, not to make the wrongdoer pay damages twice for the same wrongful act, but to enable the representatives of the person injured to recover in a case where the maxim 'Actio personalis moritur cum persona' would have applied. It only points to a case where the party injured has not recovered compensation against the wrongdoer. It is true that section 2 provides a different mode of assessing the damages, but that does not give a fresh cause of action." A like conclusion was reached by the Supreme Court of South Carolina in Price v. Railroad Co., 33 S. C. 556, 12 S. E. 413, 26 Am. St. Rep. 700. The precise question before us was also before the Supreme Court of Vermont under statutes very similar to ours in Legg v. Britton, 64 Vt. 652, 24 Atl. 1016; and it was there held that a recovery on the cause of action which accrued to the decedent was a bar to an action to recover for his death. To the same effect, see Hecht v. O. M. R. R. Co., 132 Ind. 507, 32 N. E. 302; Dibble v. N. Y., etc., R. R. Co., 25 Barb. (N. Y.) 183; Lubrano v. Atlantic Mills, 19 R. I. 129, 32 Atl. 205, 34 L. R. A. 797; Littlewood v. N. Y., 89 N. Y. 24, 42 Am. Rep. 271; Hill v. Penn. R. R. Co., 178 Pa. 223, 35 Atl. 997, 35 L. R. A. 196, 56 Am. St. Rep. 754; So, Bell Tel. Co. v. Cassin, 111 Ga. 575, 36 S. E. 881, 50 L. R. A. 694; Hughes v. Auburn, 161 N. Y. 96, 55 N. E. 389, 46 L. R. A. 636. See, also, note to L. & N. R. R. Co. v. McElwain, 34 L. R. A. 788. The authorities on the subject are consistent and uniform. 13 Cyc. 325; Cooley on Torts, 263; Shearman & Redfield on Negligence, Sec. 140.

In 6 Thompson on Negligence, Sec. 7028, the rule is thus stated: "The right of action in the personal representatives it has been held depends, not only upon the character of the act from which death ensued, but also upon the condition of the decedent's claim at the time of his death. If the claim was in such a shape that he could not then have enforced it had death not ensued, the statute gives the executors no right of action, and creates no liability whatever on the part of the person inflicting the injury. Therefore, where in an action by the personal representative of a person to recover damages for his death, caused by the wrongful act of the defendants, it was shown that the defendants settled with the deceased in his lifetime, and paid him the amount of his claim on account of the injury, it was held that this would bar the plaintiff's action. Such a release is invalid if secured by unfair means.'

We have not been referred to any contrary authorities outside of this state. The cases in this state which are relied on as contrary to the rule prevailing elsewhere do not sustain that conclusion. The case of Donahue v. Drexler, which is sometimes cited as an authority to the contrary, was based on an entirely different statute. Merrill v. Puckett, 93 S. W. 912, 29 Ky. Law Rep. 595. In Meyer v. Zoll, 119 Ky. 480, 84 S. W. 543, it was held that a settlement by a parent for an injury to his child would not bar an action by the personal representative of the child. But in that case two actions lay for the injury to the child, one by the parent and one by the child. The action by the parent had been settled; but there had been no action brought by the child, and no settlement made of the right of action existing in his favor. In Sturges v. Sturges, 126 Ky. 80, 102 S. W. 884, 31 Ky. Law Rep.

537, 12 L. R. A. (N. S.) 1014, it was held that the fund arising from a recovery for the death of the decedent under the statute must pass as directed by the statute, and could not be controlled by his will. The power to make a will is regulated by the statute, and, the statute having also regulated how this fund should pass, he could not make a will which would prevent the application of the statute. There was nothing in either of these cases to bring before the court the question here presented, and neither of them was intended to conflict with the previous cases.

We therefore conclude that the circuit court erred in sustaining the demurrer to this paragraph of the answer. Ordinarily, unless the decedent is insolvent, the beneficiaries of the recovery will be the same whether the administrator sues upon the common-law right of action which accrued to the decedent or upon the statutory right of action to recover for his death, and so no confusion will arise by his election to sue upon the former rather than upon the latter. But, if he should elect to sue upon the common-law right of action, and it should be made to appear to the. court on the settlement of his accounts that the death of the decedent was due to the injury, the court would not permit his election to defeat the statute, and would treat the fund in his hands so recovered as belonging to those who would be its beneficiaries if he had sued under the statutes. The defendant offered in evidence a copy of the death certificate made by the attending physician, Dr. Yandall Roberts, showing the cause of the death of the decedent. It showed that he died of tuberculosis.

The court properly refused to allow the certificate to be read in evidence; it not appearing that Dr. Roberts is dead. If he were dead, a different question

would be presented. While the statute requires the physician to give the death certificate, there is nothing in the statute making the certificate evidence in judicial proceedings, and it stands entirely on a different plane from the return of an officer made pursuant to law under his official oath. The law requires the best evidence, and the best evidence is the testimony of Dr. Roberts, if living. There was sufficient evidence to take the case to the jury, and we cannot disturb the verdict of the jury on the ground that it is palpably against the evidence.

On another trial of the case the court will give to the jury instruction No. 4, approved by this court in Goldstein v. Louisville R. R. Co., 115 S. W. 195, with the modification there suggested.

Judgment reversed and cause remanded for further proceedings consistent herewith.

Nunn, C. J., dissenting.