## Rogers v. Fancy Farm Telephone Company.

### (Decided November 12, 1914.)

## Appeal from Graves Circuit Court.

Death—Grounds of Action.—Where a wife is killed by negligence or wrongful act, the husband cannot recover damages for the loss of conjugal society except from the time of the injury until her death. If no appreciable length of time elapsed after the negligent act became operative until her death during which the husband could have enjoyed the society of his wife, he cannot recover for loss of conjugal society and services.

HESTER & HESTER for appellant.

STANFIELD & STANFIELD for appellee.

Opinion of the Court by Judge Hannah—Affirming.

W. O. Rogers instituted this action in the Graves Circuit Court against the Fancy Farm Telephone Company, seeking a recovery of damages in the sum of five thousand dollars, for alleged negligence of the defendant company in failing to afford the plaintiff telephone connection with a physician, whom plaintiff desired to call to the bedside of his wife on the occasion of her accouchement, by reason of which alleged failure, the physician, although a messenger was sent for him, was unable to reach plaintiff's home, a distance of four miles, until it was too late to check the hemorrhages from which plaintiff's wife suffered, in time to save her life.

In part, the language of the petition is as follows: "Plaintiff states that his wife was thirty-two years old, and they had four other children, all of whom were young and needed her attention to aid and assist plaintiff in caring for and rearing them, and that he was entitled to her comfort, her counsel, her services, and her company and consortium, all of which he has been deprived of by reason of defendant's negligence in failing to have and to keep its said line in repair and working order, and by reason of all of which he has sustained damages in the sum of five thousand dollars."

The circuit court sustained a demurrer to the petition as amended, and the plaintiff declining to plead further, his petition was dismissed, and he appeals.

We deem it necessary to consider but one question raised by the appeal. Can the husband recover for loss

of services and society of the wife sustained by her death, as it is this loss alone which is sued for?

1. In Eden v. Lexington & Frankfort R. R. Co., 14 B. M., 165, the court said:

"The injury complained of in this case, is the loss of the society of the wife and of her assistance in the management of the husband's domestic affairs. According to the existing law, there can be no recovery for this injury, inasmuch as the death of the wife was instantaneous, and it is only for the loss that is sustained by the husband in this respect, from the moment of the injury up to the time of the death of the wife, for which any recovery can be had."

And in Louisville & Nashville Railroad Company v. McElwain, 98 Ky., 700, 34 S. W., 236, 34 L. R. A. 788, 56 A. S. R. 385, the court said that it was perfectly manifest that at common law a husband could recover damages for the loss of his wife's society from the date of the injury until her death resulting from a negligent act, although she died as a result thereof, provided any appreciable length of time elapsed after the negligent act became operative until her death during which time the husband could have enjoyed his wife's society.

It is apparent from the language of the petition above quoted that plaintiff sues for the loss of conjugal society after the death of his wife, i. e. caused by and resulting from the death of his wife; and under the decisions in the Eden and McElwain cases, he cannot recover therefor. There was no appreciable length of time after the alleged negligence became operative and before the death of plaintiff's wife. The trial court, therefore, properly sustained the demurrer.

2. It is unnecessary to consider whether the alleged negligence was too remote to constitute the proximate cause of the death of plaintiff's wife.

Judgment affirmed.