## City of Paducah v. McManus.

(Decided Nov. 20, 1934.)

406

W. V. EATON for appellant.

CROSSLAND & CROSSLAND for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

On the night of July 14, 1933, Cora McManus, wife of appellee, fell on the sidewalk between Third and Fourth streets in the city of Paducah, Ky., resulting in certain injuries to her, and she filed her suit in the McCracken circuit court against the city of Paducah to recover damages for her injuries, and while the suit was pending it was compromised for the sum of $3,500.

Later appellee brought this action against the city to recover damages in his own right for the loss of the services, companionship, society, and consortium of his wife, and for doctor bills and expenses incurred for the treatment of her injuries.

Appellee, as plaintiff below, alleged in his petition, in substance, that the sidewalk at the place where his wife fell and was injured, was an old, worn-out brick sidewalk, that the bricks were loose and some of them out of place and that there were holes in the sidewalk; and alleged a general unsafe and dangerous condition

of the sidewalk, and that by reason thereof his wife was caused to fall on the sidewalk, resulting in certain serious injuries. He alleged that the unsafe and dangerous condition of the sidewalk had existed over a long period of time and was known to the city's agents and officials or they could have known of same by the exercise of ordinary care; but that it negligently and carelessly failed to repair said sidewalk or keep it in a reasonably safe condition for pedestrians traveling thereon.

The city filed its answer denying plaintiff's allegations of negligence and all other material allegations of the petition, and in paragraph 2 it pleaded contributory negligence on part of Mrs. McManus, and in paragraph 3 it pleaded the action of Mrs. McManus against the city which was compromised as stated above, which action was based upon the same facts as set out in appellee's action, and that appellee concurred and acquiesced in the settlement and was the beneficiary thereof, and that the sum paid to his wife "was an ample and liberal settlement and discharge of all claims to her and her said husband for all damages claimed to have resulted from said injuries and by reason thereof the plaintiff in this case should not now be entitled to recover anything in this action." Appelle filed a motion to strike from the answer certain allegations contained therein, but, so far as the record discloses, this motion was not ruled upon by the court. Appellee filed his reply which constituted a traverse only, and thereupon issue joined and a trial before a jury resulted in a verdict and judgment in favor of appellee in the sum of $750, and from that judgment this appeal is prosecuted.

Grounds urged for reversal are: That the verdict and judgment are contrary to, and are not supported by, the law; the verdict is flagrantly against the weight of the evidence; the court should have sustained appellant's motion for peremptory instruction and, the court erred in giving certain instructions.

It is earnestly insisted that the husband may not recover damages for an injury to his wife resulting in the impairment of her earning capacity and in the lessening of her ability to perform the ordinary duties of a housewife, and in support of this argument it relies upon sections 2127 and 2128 of Kentucky Statutes (Acts 1894, c. 76, commonly known as the Weissinger Act).

In the case of Louisville & N. R. R. Co. v. Kinman, 182 Ky. 597, 206 S. W. 880, there was involved a question very similar to the one involved in the case at bar. In that case the opinion very elaborately discusses the Weissinger Act in its relation to the husband's common-law right of action respecting his right of recovery for the wrongful death of, or injuries to, his wife. In that case and cases cited therein, the right of two causes of action is clearly recognized, one being statutory and in a personal representative for the death of the wife, and the other under the common law and in the husband's individual right for the loss of his wife's services and society. It was held that the husband's right was not affected by the statutes giving the wife the right to recover for her pain and suffering and, that her husband's right to damage for the loss of her society remains as before. In 13 R. C. L. p. 1412, sec. 461, the rule is stated thus:

"Recovery for injuries to a wife in an action by her in which her husband joined for conformity is no bar to the husband's action alone for the loss of her services and expenses incurred by reason thereof, since the two causes of action are separate and distinct. On a similar ground it has been held that a recovery under the death of a married woman, constitutes no bar to a recovery by the husband for the loss of his wife's services, etc., and expenses incurred to the time of her death."

However, there is a distinction drawn in cases where the injury to the wife results in immediate death and those in which the injuries do not result in death. In the former state of cases, a recovery by the husband as administrator of the wife would inure to the benefit of the husband and would bar his action for loss of her services, as the husband must accept the benefits which the statute secures to him in lieu of those he possessed at common law. Louisville & N. Rv. Co. v. McElwain, 98 Ky. 700, 34 S. W. 236, 34 L. R. A. 788, 56 Am. St. Rep. 385. But this rule does not obtain in cases where the injury to the wife does not result in her death. Louisville & N. R. R. Co. v. Kinman, supra; 13 R. C. L. p. 1412, sec. 461 et seq. The above authority we think is conclusive of that question in this case. With reference to the insistence that appellee is barred from maintaining this action because of his acquiescence in the settlement of the action brought by his wife, we do

not think there is any merit in that contention. There is no evidence conducing to show that the settlement or the sum paid was for the benefit of appellee. He testified that he had nothing to do with the settlement; that his wife and her attorney made the settlement, and, after it was effected, his wife being unable to go to the bank, he took the check to the bank and deposited it in her name.

It is our conclusion, therefore, that appellee had the right to maintain this action.

The question relating to the evidence is of a twofold nature: (1) That plaintiff did not show any negligence on part of the city in failing to repair or maintain the sidewalk, and (2) if the sidewalk was defective the evidence did not show that the defect was the proximate cause of the fall or injury of plaintiff's wife. Respecting the first proposition, a number of witnesses testified that on different occasions from a year to two years before the accident, they had passed along over this sidewalk and had noticed holes in it and other bad conditions, and on some occasions some of the witnesses had fallen by reason of the sidewalk being out of repair. It is not shown, however, what particular hole plaintiff's wife stepped in, if any, but it is shown generally that the sidewalk along and about the place of the accident had been out of repair for a considerable period of time and was at the time the accident occurred. The witness Tom Carman testified in substance that he was acquainted with the place where Mrs. McManus fell; that he passed over it frequently going to the grocery, and that the sidewalk at the place had been bad for about two years; that he had fallen at the place because of the bricks being out, leaving holes in the sidewalk, and that children playing on the street would pull out the bricks and put them on the sidewalk; that he frequently filled up the holes in the sand where the bricks had been removed by the children; and that he had filled up these holes just a day or two before Mrs. McManus fell and received her injury.

It is insisted for appellant that the evidence of this witness, Carman, shows that the unsafe condition of the sidewalk, if it was unsafe, had existed only a day or two before Mrs. McManus fell and received the injuries complained of, and that it was not shown that the city officials knew of the unsafe condition of the sidewalk since

he filled up the holes, and that a day or two was not a sufficient period of time to constitute constructive notice or charge the city with lack of due diligence to have known that the siewalk was unsafe. We are unable to agree with appellant that these facts would relieve the city of the responsibility enjoined upon it. The evidence tends to show that the condition of the sidewalk as stated above had existed for a considerable period of time; therefore it was the duty of the city to repair the sidewalk in a substantial manner instead of trusting it to some volunteer to temporarily fill the holes with sand or by other improvised methods, and thus leave it to the fancy or will of playful children to remove the sand and thereby render and leave the sidewalk in an unsafe condition. But the unsafe condition of the sidewalk, of itself, is not sufficient to warrant a recovery, unless it was shown that such defects or unsafe condition of the sidewalk *was the proximate cause of Mrs. McManus' injury.*

In City of Dayton v. Fox, 254 Ky. 51, 70 S. W. (2d) 961, 963, we said:

"A dangerous or unsafe condition will not be presumed from the accident alone and the mere fact that a pedestrian slipped and fell upon the sidewalk is insufficient to warrant a recovery, unless it is shown that the condition of the walk at the place was necessarily dangerous or unsafe for pedestrians when in the exercise of ordinary care for their own safety, *and that the unsafe condition was the proximate cause of the injury.*" (Italics ours.)

And citing Tudor v. City of Louisville et al., 172 Ky. 429, 189 S. W. 456.

There are many definitions of "proximate cause" varying in language and phraseology but in substance the same, among which we find this concise statement:

"The proximate cause of an event must be understood to be that which, in a natural and continuous sequence, unbroken by any new, independent cause, produced that event, and without which that event would not have occurred."

Sherman & Redfield on Law of Negligence, sec. 26, quoted in Nelson Creek Coal Co. v. Bransford, 189 Ky. 741, 225 S. W. 1070.

The only evidence we find in the record relating to

the cause of Mrs. McManus' fall is that of Mrs. Brad-ley. After Mrs. Bradley had told about Mrs. McManus and other lady companions coming out of the home of Mrs. Arant onto the sidewalk, she was asked:

"Q. What happened that night? A. We came out of this house and stepped down on the sidewalk and she got her foot caught in a hole where the bricks had been pulled out of the sidewalk.

"Q. She fell there, did she? A. Yes, sir."

It will be noticed that her statement that Mrs. Mc-Manus "got her foot caught in a hole where the bricks had been pulled out of the sidewalk" is rather a con-clusion of the witness. She did not state that she saw her step in the hole or saw her foot in the hole; but later, on cross-examination, the witness clarified her former statement as shown by the following questions and answers thereto:

"Q. And you say when you got out on the sidewalk directly in front of the house she fell and made the exclamation you have detailed? A. Yes sir.

"Q. You did not see her fall, did you? A. I did not exactly see her fall, I helped her up. * * *"

The above-quoted testimony of Mrs. Bradley is the only evidence we find tending in the least, if it does so tend, to show that the hole or other unsafe condition of the sidewalk caused Mrs. McManus to fall. Mrs. Bradley's evidence, considered in connection with the other evidence to the effect that the sidewalk was out of repair and in an unsafe condition, and that Mrs. Mc-Manus fell at or about that particular place, may be con-sidered as some evidence conducing to show that the defect in the sidewalk was the proximate cause of the fall.

In view of the scintilla rule of evidence recognized in this jurisdiction, we are unable to say that there was no evidence tending to show that Mrs. McManus' injury was the proximate result of the defective sidewalk, and therefore it is our conclusion that this evidence, though indeed very weak, was sufficient to take the case to the jury. But upon the evidence as a whole our further conclusion is that the verdict is flagrantly against the weight of the evidence, and for this reason the case must be reversed.

The next complaint is directed to the instructions given by the court. Instruction No. 1 reads:

"The court instructs the jury that this is not an action to recover damages for the injuries that are alleged to have been sustained by plaintiff's wife, but is an action to recover damages which the plaintiff alleges he sustained by reason of his wife having been injured on the pavement of the City of Paducah at the time mentioned in the petition, and by reason of which plaintiff was deprived of the services, comfort, aid and society of his wife."

It is insisted that the court should not have commented upon the purpose of the action as he did by giving the above instruction. While it may not have been necessary to give this instruction, we do not think any harm could have resulted to appellant by reason thereof. It merely explains to the jury the purpose and nature of the action to avoid a possible confusion or misunderstanding.

It is also insisted that instruction No. 2 is erroneous. The objection urged for appellant to this instruction is that it presumed that the city was negligent and failed to submit to the jury the question of negligence. While the instruction does not use the word "negligent," yet, if the jury believed that the things occurred which are set out in the instructions, it amounted to negligence, and it is immaterial that the precise word "negligent" or "negligently" was not used, inasmuch as there was equivalent language used which constituted negligence, if believed by the jury. Clolinger v. Callahan, 204 Ky. 33, 263 S. W. 700. In the case of the City of Louisville v. Romer, 97 S. W. 348, 29 Ky. Law Rep. 1301, there was involved the question of personal injury resulting from a hole in the sidewalk. The instructions given by the court in that case were in substance the same as instruction No. 2 given in the case at bar, and on an appeal to this court the instructions were approved.

The judgment is reversed and remanded, with directions to grant appellant a new trial and for proceedings consistent herewith.