McGUIRE v. EAST KENTUCKY
BEVERAGE CO.

McGUIRE'S ADM'R v. EAST KENTUCKY
BEVERAGE CO.

Court of Appeals of Kentucky.

March 6, 1951.

As Modified May 15, 1951.

O. T. Hinton, Garred O. Cline, and Hinton, Rice, Cline & Dotson, all of Pikeville, for appellant.

Francis M. Burke, L. D. May, Pikeville, and Francis D. Burke, all of Pikeville, for appellee.

VAN SANT, Commissioner.

At about 6:00 o'clock p. m. eastern standard time on March 24, 1948 Emral McGuire, his wife Kansada McGuire, and their son Leroy McGuire were traveling south on U. S. Highway No. 23 about 3 or 4 miles south of Pikeville. A truck, owned and being operated by appellee East Kentucky Beverage Company, Tom Dyer driving, was traveling north on the same highway following a truck hauling logs. The log truck slowed or stopped in front of Dyer who, to avoid running into it, steered appellee's truck across the south bound traffic lane of the highway, where it collided with the automobile of McGuire.

Mrs. McGuire was severely injured and instituted action against appellee to recover for her injuries. As a result of the injuries she died on the 27th day of May, 1948, whereupon the action was revived in the name of her husband, as administrator of her estate. By amended petition, the personal representative sought recovery for her medical, hospital, and funeral expenses, loss of wages, and damages to the estate occasioned by her death. Another suit was instituted by Emral McGuire, in his individual capacity, wherein he sought to recover for his injuries, his medical and hospital expenses, loss of time, impairment of earnings, loss of consortium, and damages to his automobile. Appellee counterclaimed for damages to its truck. On motion of appellee over objection of appellant in each action, the court entered an order directing the cases to be tried together, to which ruling the appellant in each case excepted. The joint trial resulted in a verdict for appellee in each case, and judgments were entered accordingly.

As grounds for reversal, appellant contends (1) that the court erred in admitting evidence of two divorce actions filed 5 and 6 years respectively before the accident, and that such error was especially prejudicial in the administrator's action; (2) the court erred in the admission of evidence of the subsequent marriage of the surviving husband which occurred approximately 3 months after the death of his first wife, and that the admission of such evidence was especially prejudicial in the action of the administrator; (3) the court erred to the prejudice of appellants in ordering the actions to be tried together; and, (4) the court erred in failing to instruct the jury on contributory negligence of the driver of appellee's truck as an affirmative defense to the counterclaim asserted against Mr. McGuire in his individual case.

Since the evidence referred to in the first and second complaints was introduced in mitigation of damages, and might have such effect when viewed as a whole, we will consider the complaints as one. On direct examination, in support of the claim of $10,000 for loss of consortium Mr. McGuire was asked the following questions and made the following answers:

"Q. What were your relations with your wife? A. I was her husband.

"Q. What were those relations, were they normal relations between husband and wife or had you had trouble? (Our emphasis.) A. They were normal.

"Q. Tell the jury the kind of a wife Mrs. McGuire was to you? A. She was a real wife."

It will be noted that Mr. McGuire's answer to the second question above quoted negatives the fact that there had ever been any dissension between him and his

wife. In support of a claim for damages for loss of consortium, it is competent for the husband to prove domestic tranquillity and to relate attentive acts on the part of the wife affecting the comfort of the husband, members of his household, and the performance of her ordinary household duties; therefore, it was competent for appellant to introduce evidence to the effect that there was never any "trouble" between him and his wife in the more than score of years they had been married. It equally was competent for appellee to show the contrary, or to produce evidence from which the contrary might be inferred, 27 Am.Jur., Husband & Wife, Section 511, pages 110, 111. Since Mr. McGuire's testimony did not limit the time to which his testimony was directed, the natural inference was that he was testifying about his and his wife's relations throughout their entire married life. To contradict this testimony, appellee proved that six years previous to Mrs. McGuire's death she had instituted an action for divorce against her husband, wherein she charged him with lewd and lascivious conduct and with living in adultery with another woman. Appellee likewise introduced evidence that five years previous to his wife's death, appellant had filed suit for divorce against her in which he charged that she: "quarreled incessantly at the plaintiff, has repeatedly called him vile names, has threatened him with violence; has repeatedly had warrants issued for him on false charges of failure to support the family; has incessantly threatened to garnishee his wages, so as to bring him in disrepute with his employers, all of which has made life miserable for him, and which has destroyed his peace and happiness."

The evidence of Mr. McGuire's remarriage within three months after the death of his wife was susceptible of the inference that his marital difficulties with his first wife had continued to a greater or less degree for the period of time which transpired between the filing of the divorce actions and her death. We think the evidence of remarriage was rendered competent by the introduction of evidence showing actual pre-existing marital difficulties. But, since appellee argues to the contrary, we deem it necessary to observe that, standing alone, the evidence would not have been competent for the purpose of establishing a limit on the time after her death the husband suffered from the lack of society of his first wife. An action for the loss of consortium is of common law origin, and the recovery in such action, under the common law, was, as it now is, limited to compensation for the loss which accrued to the husband from the date of the injuries to the date of death or recovery of the wife. Eden v. Lexington and Frankfort Railway Company, 14 B.Mon. 204; Louisville & N. Railway Company v. McElwain, 98 Ky. 700, 34 S.W. 236, 34 L.R.A. 788; Rogers v. Fancy Farm Telephone Company, 160 Ky. 841, 170 S.W. 178, L.R.A.1916D, 186; Lousiville & N. Railway Company v. Kinman, 182 Ky. 597, 206 S.W. 880. It is unnecessary for us to reiterate the reasons underlying the limitation under the common law, since they are set out in some of the authorities above cited. There now exists an additional reason for the limitation, which is that the right to recover for so much of the injury as persists after the death of the wife now is merged in an action, not available under the common law, for damages for the wrongful death of the wife. It follows that, since no recovery may be had for loss of consortium post-dating the death of the wife, evidence of remarriage is not competent to show an actual termination of the injury after her death. From what we have said, it is obvious that the evidence of prior difficulty and subsequent remarriage was competent for the purpose stated, but for no other, in the case instituted by Mr. McGuire in his individual capacity; and such evidence was incompetent for any purpose, as the court ruled in his admonition to the jury, in the action instituted by McGuire as the administrator of the estate of his wife. The competency of the evidence in the one case and its incompetency in the other presents the primary basis for the third ground relied on for reversal, and which we now will consider.

■ The rule is that where two or more actions are brought by different plaintiffs against one defendant, and the issues

are the same in each, the court may and should try them together; but, where the issues are not the same, or where, for any other reason, trying them together would place the objecting party to a disadvantage, the court should direct separate trials. Horton v. Herndon, 254 Ky. 86, 70 S.W. 2d 975. In Benge's Adm'r v. Creech, 163 Ky. 796, 174 S.W. 510, the administrator of Benge's estate was sued by two different persons for services rendered the decedent. Neither was a competent witness in her own behalf, but each testified for the other. This Court held that the trial court abused its discretion in trying the cases together, because the administrator was placed in such a disadvantageous position as to prevent his having a fair trial. In Sheetinger v. Dawson, 236 Ky. 571, 33 S.W.2d 609, separate actions were instituted against the same defendant by the husband and wife for personal injuries. At that time, Section 606 of the Civil Code of Practice declared one spouse to be incompetent to testify for the other. The court held that on this account the cases should not have been tried together. The writer of the opinion explained that the jury would have had great difficulty in eradicating from their minds the evidence of the husband in behalf of his wife, in considering the issues involved in the action instituted by him.

In addition to the primary reason urged in support of the contention that appellant was prejudiced by trying the cases together, our attention is called to the fact that the husband's negligence, if any there was, would constitute a complete bar to the entire recovery in the case instituted by him individually; whereas, it was a bar to only a portion (one-half the amount) of the recovery in the action instituted by him as Administrator. This is true because the husband's negligence, if any there was, is not imputable to the wife, unless she was guilty of contributory negligence, which question it is not necessary for us to determine on this appeal. It is obvious, in the circumstances of this case, the court erred in directing the actions to be tried together, and such error was prejudicial to the substantial rights of appellant.

It is unnecessary to consider the question concerning the alleged error of the court in failing to give a contributory negligence instruction in defense of the counterclaim, since the amount awarded appellee on the counterclaim was remitted and the counterclaim was dismissed.

The judgments must be reversed with directions that appellant in each case be granted a new trial to be conducted in conformity with this opinion.