Norma C. LOEW, Administratrix of the Estate of Essie P. Cundiff, Deceased, Appellant,

v.

James B. ALLEN, Administrator of the Estate of Flora Allen, Deceased, Appellee.

Court of Appeals of Kentucky.

Oct. 6, 1967.

James F. Clay, Clay & Clay, Danville, for appellant.

John W. Murphy, Jr., Oliver Popplewell, Liberty, for appellee.

STEINFELD, Judge.

On February 6, 1965, Flora Allen was a passenger in an automobile driven by Essie P. Cundiff. It collided with another vehicle and both ladies were killed almost instantly. James B. Allen, as administrator of the estate of Flora Allen sued Norma C. Loew, administratrix of the estate of Essie P. Cundiff. He claimed that the negligence of Mrs. Cundiff caused the death of Mrs. Allen. The jury awarded $10,913.50. From a judgment for that amount the defendant appeals. We affirm.

The opening paragraph of the complaint was couched in the following language:

"Comes now the plaintiff, James B. Allen, as Administrator of the estate of Flora Allen, and for this his cause of action herein against the defendant, Norma C. Loew, as Administratrix of the estate of Essie P. Cundiff, deceased and says and alleges as follows, to-wit:"

Allegations were made regarding residence, appointment of the two personal representatives, heirs-at-laws, accident and negligence of the driver. The pleading then alleged:

"That as a result of the death of the said Flora Allen, the surviving husband and daughter and each of them have been and are now deprived of the comfort, protection and society of the said Flora Allen, all to their damage in the amount of $20,000.00, * * *

"* * * that damages resulted to the estate of the said Flora Allen in' the amount of $913.50 for funeral expenses for the burial of the said Flora Allen * * *"

The demands of the plaintiff were for those amounts. The administrator made no other claim and the surviving husband and daughter were not made parties.

The case was consolidated with a suit brought against Loew, administratrix by Melvin Johnson, the owner of the car with which the Cundiff automobile collided. We will relate only those occurrences which pertain to and bear upon the issues now before us.

While tesifying James B. Allen was asked the age of his wife. An objection to this question was overruled. Later he was asked "Since that time (accident) have you all been living by yourselves?" An objection was sustained. No evidence was introduced with respect to Mrs. Allen's condition of health or her capabilities. The proof showed only that Mr. and Mrs. Allen had been living together and that no one else resided with them.

The court instructed the jury as to the duties of the parties, and subject to its conclusion of violation of those duties, authorized the jury to "find damages for James B. Allen as administrator of the

estate of Flora Allen * * * such a sum in damages as you believe from the evidence will fairly and reasonably compensate her estate for the reasonable funeral expense of Flora Allen, not to exceed the sum of $913.50 and such further sum as you may believe from the evidence will fairly and reasonably compensate her husband, James B. Allen, for the loss of comfort, protection and society of his wife, not to exceed the sum of $20,000.00, the amount claimed, * * * ".

Together with the instructions, the court furnished to the jury a series of questions submitting all theories of the case. These were arranged so that if the jury found in favor of the claims being asserted by reason of the death of Flora Allen, it was directed to answer Questions No. 5a and No. 5b. These two questions and the answers were:

"Question No. 5a: What sum of money do you find from the evidence will fairly and reasonably compensate James B. Allen for the loss of the comfort, protection and society of his wife, Flora Allen?
                    Answer        $10,000.00

"Question No. 5b: What sum of money do you find from the evidence will fairly compensate James B. Allen for the funeral expense for Flora Allen, deceased?
                    Answer        $913.50"

The record reveals that no objection was made to the instructions or the questions. The record does not indicate whether the parties tendered instructions but the brief for Allen, administrator, states that Loew, administratrix, "submitted instructions (which were accepted in toto by the court)". This is not denied by Loew, therefore, we will assume that this occurred.

When the jury first returned, the court found an inconsistency in the verdicts and kept the jury assembled. Counsel for Allen moved that the jury be required to correct the verdict and special finding under Question No. 5a and one other. The attorney for appellant, Loew, objected on the ground

that it would be error for the court to direct "the jury to return a verdict in some amount for the loss of consortium to the plaintiff, James B. Allen, for the reason that under the complaint there is no recovery asked for the destruction of the power to earn money of the decedent which would be a right of recovery due her estate, but only a claim for loss of consortium and services of the surviving husband which is a claim for loss of consortium personally for him and not for the benefit of the estate, and under the pleadings it is not necessary that the jury award damages for the loss of consortium, nor is the plaintiff entitled to recover for destruction of the power to earn money, and that it was within the discretion of the jury not to allow damages for the loss of consortium * * * ". The court sustained Allen's motion. Willett v. Bradas & Gheens, 283 Ky. 525, 142 S.W. 2d 139 (1940); Smith v. Crenshaw, Ky., 344 S.W.2d 393 (1961). The final verdict which is that shown above was rendered on February 17, 1966.

On February 22, 1966, Loew, administratrix, filed a motion for a new trial and "to set aside so much of the verdict of the jury as awarded damages for the loss of consortium to the plaintiff as administrator of the estate of Flora Allen, deceased, for the reason that the right of recovery for loss of consortium is a personal right of the surviving husband individually and not as Administrator of her estate and could not be recovered in an action by the Administrator for the damage to her estate." Complaint was made that "after the jury had returned its verdict in open court" it should not have been directed to return to the jury room and award damages to the estate for the funeral bill.

Allen's attorney moved that he be permitted to amend the complaint "by substituting the capacity in which the plaintiff filed said action as 'James B. Allen, Administrator of the Estate of Flora Allen, deceased' to 'James B. Allen, individually and as Administrator of the estate of Flora Allen, deceased.' " He also asked to be

permitted to amend his complaint "to conform to the proof and evidence * * * which * * * was to the effect that said complaint was based both in his individual capacity as the surviving husband * * * and as administrator." CR 15.01, 15.02 and 15.03.

The motion to amend was never passed upon by the trial court, but the motion to set aside the verdict was overruled. Judgment was entered, "That the plaintiff, James B. Allen, etc., recover of the said defendant, Norma C. Loew, etc., the sum of $913.50 for the funeral expenses of the decedent and that he recover the further sum of $10,000.00 as damages for the loss of comfort, protection and society of his wife, the decedent, in all the sum of $10,913.50; with interest thereon at 6% per annum from date of Judgment until paid, and his · costs herein expended."

Loew, administratrix, has abandoned her claim that the award of $913.50 for funeral expenses was erroneous. Judgment for $913.50 is affirmed.

She says that there were two causes of action which might have been brought by Allen; one as administrator for the destruction of the power of the deceased to earn money, Archer v. Bowling, 166 Ky. 139, 179 S.W. 15; the other as the surviving husband, for loss of consortium. However, as to the latter she points out that there could have been no recovery by the husband because Mrs. Allen died immediately. She cites Eden v. Lexington & Frankfort R. R. Co., 53 Ky. (14 B. Monroe) 204; Rogers v. Fancy Farm Telephone Co., 160 Ky. 841, 170 S.W. 178; Louisville & Nashville Railroad Co. v. McElwain, 98 Ky. 700, 34 S.W. 236, 18 K.L.R. 379, 34 L.R.A. 788, 56 Am.St.Rep. 385; City of Paducah v. McManus, 256 Ky. 405, 76 S.W.2d 254; McGuire v. East Kentucky Beverage Company, Ky., 238 S.W.2d 1020; 27 Am.Jur., "Husband and Wife," sec. 510, page 109.

Allen counters by contending that "the right of recovery by the plaintiff was put in issue for the first time in the Court of Appeals." He cites many cases. We will consider this contention only as to the claim that because of the instant death of Flora Allen the husband could not recover. That point is raised originally in this court. The issue of defect of party plaintiff was asserted below on the motion to set aside the verdict, but not before.

█ The judgment directed that "the plaintiff, James B. Allen, etc., recover of the said defendant, Norma C. Loew, etc., the sum of $913.50 for the funeral expenses of the decedent and that he recover the further sum of $10,000.00 as damages for the loss of comfort, protection and society of his wife, the decedent, in all the sum of $10,913.50; * * *". Since the administrator had no claim for loss of consortium, our interpretation is that the judgment was in favor of James B. Allen, individually, who was not a party to the action. A judgment in his favor was not authorized. Mulligan, et al. v. ·First National Bank & Trust Co. of Lexington, Ky., 351 S.W.2d 59 (1961); Kentucky Coal Lands Co. v. Smith, 149 Ky. 794, 149 S.W. 979 (1912); Williams, et al. v. Hamilton's Adm'r, Ky., 29 S.W. 873, 16 Ky.Law.Rep. 794 (1895). The pleadings did not support the judgment for the husband but this may be waived. Howard v. Howard, 264 Ky. 311, 94 S.W. 2d 652 (1936). Flora Allen died immediately after the accident. "An action for the loss of consortium is * * * limited to compensation for the loss which accrued to the husband from the date of the injuries to the date of death or recovery of the wife." McGuire v. East Kentucky Beverage Co., Ky., 238 S.W.2d 1020 (1951). There was no loss of consortium to support an award of $10,000.00.

█ CR 46 requires a litigant to "[make] known to the court the action which he desires the court to take or his objection to the action of the court." He has "an obligation to assist the trial judge in the avoidance of error." Little v. Whitehouse, Ky., 384 S.W.2d 503 (1964). Apparently appellant chose not to advance the defenses

available to her for fear of alerting appellee to follow a different course. If the issues now asserted had been raised properly in the trial court, the judgment in favor of the husband or the administrator (if entered) would have to be reversed and the award set aside, but they were not. The appellant tendered, and the court gave the instruction which authorized the jury to make an award to "fairly and reasonably compensate her husband, James B. Allen for the loss of comfort, protection and society of his wife, not to exceed the sum of $20,000.00, the amount claimed, * * *". The trial judge could assume the parties had accepted the instruction as correctly stating the law for the jury. Cox v. Hardy, Ky., 371 S.W. 2d 945 (1963). Loew was required to object to preserve her contention on review. CR 51. Chaney v. Slone, Ky., 345 S.W.2d 484 (1961). She cannot attack the verdict on the ground that it is contrary to law, (Claspell v. Brown, Ky., 332 S.W.2d 851 (1960)) or complain of the judgment which was entered in the situation which she created.

The judgment is affirmed.

All concur except EDWARD P. HILL, J., who dissents.