## H. G. Nunnelley Company v. Prather.

(Decided January 28, 1914.)

### Appeal from Scott Circuit Court.

Negligence—Contributory Negligence—Assumption of Risk.—A workman standing on an empty nail keg that had been opened at one end assumed the risk he took in doing so, even at the direction of his foreman, and in an action for damages for injuries sustained from a fall caused by the nail keg slipping from under him, where the evidence showed no latent defect, the jury should have been peremptorily instructed to find for the defendant.

BRADLEY & BRADLEY for appellant.

FORD & FORD for abpellee.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

Appellee is a man of thirty-three years of age, and at the time of the injury herein complained of had been doing different kinds of carpenter word for twelve years. He alleges that while at work for appellant in the construction of a house at Georgetown he was directed by appellant's foreman to get on the top of a nail keg so that he could reach up and do certain things in the construction of the house; that while so engaged the keg,

which was insufficient and dangerous for the purpose for which he was directed to use it, slipped from under him causing him to fall to the floor and break his arm.

Appellant answered, denying the material allegations of the petition, and pleaded in separate paragraphs contributory negligence and assumed risk.

From a judgment and verdict of $400 this appeal is prosecuted.

Several reasons are urged for reversal, but in view of the conclusion we have reached it is unnecessary to consider any except whether appellant was entitled to a peremptory instruction.

Appellee's evidence in substance is that the foreman asked him if he had traced a certain door facing, and that he replied that he could not reach it, whereupon the foreman directed him to bring a nail keg, which he did, and the foreman first got on the keg and traced the door, and then directed him to get on the keg and finish the work; that the foreman then left, and while he was standing on the keg he fell off and broke his arm; that the keg was turned up-side-down with the empty side down, and that the chime of the keg where the head fits in was broken by his weight; that it was just an ordinary nail keg, and that he was perfectly familiar with nail kegs, and that any of them would break if enough weight was put on them. There was no one else present when the accident occurred, and this is all the evidence on that subject. There is no evidence that there was any latent or hidden defect in this particular nail keg; on the contrary it is shown that it was just an ordinary empty nail keg open at one end.

If there is anything that a carpenter of twelve years' experience must be presumed to know all about it is an empty nail keg. This appellee had handled that particular nail keg only a few minutes before; he had seen the foreman stand on it just a few minutes before he did; if there was any danger in standing upon it he had had a better opportunity than anybody else to discover it; if it was in a weakened condition he either knew it or should have known it. If there was anything obviously dangerous in standing on that nail keg appellee must have known it, and so knowing, if he even at the direction of the foreman used it, he did so at his own risk; and there is no evidence of any latent defect.

The appellee's own evidence, taken in connection with the whole evidence, is convincing that this accident was only such as might be expected to occur to any carpenter in the ordinary course of his occupation, and clearly standing on the nail keg under the circumstances of this case was only an ordinary risk connected with his employment, and which he necessarily assumed. Any ordinarily intelligent person knows that a nail keg which has been opened at one end and the strength of the whole structure thereby weakened, is liable to break if you put much weight on it.

Under the circumstances of this case appellee assumed the risk, and the peremptory instruction should have been given. Wilson v. Chess & Wymond Co., 117, Ky., 567.

The judgment is reversed, with directions to grant appellant a new trial and for further proceedings consistent herewith.