## Woods v. Jaglowicz, and Two Other Cases.

(Decided May 27, 1930.)

(As Modified on Denial of Rehearing November 21, 1930.)

CHARLES W. MORRIS, OSCAR LEIBSON and FRANK A. GARLOVE for appellant.

HUBBARD & HUBBARD and WALTER E. HUFFAKER for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

John M. and Joseph B. Jaglowicz, aged respectively sixteen and eighteen years, the sons of Joseph A. Jag-

lowicz, were injured in a collision with an automobile driven by Charles V. Woods. These actions were brought by the father and the two sons to recover damages. On the trial of the case there was a verdict for the plaintiffs. The defendants appeal.

There is no complaint of the amount of the verdict, but it is earnestly insisted that there was contributory negligence on the part of the two boys, and that the court misinstructed the jury. While the evidence is very conflicting, there was evidence for the plaintiffs showing these facts:

Broadway in Louisville runs east and west, and is a boulevard. Brook street runs north and south, crossing Broadway at right angles. The two boys were on a motorcycle, one sitting in the other's lap with another boy sitting on the fender of the motorcycle behind. They were going west on Broadway and about eighteen miles an hour. As they approached, they saw the reflection of a car approaching Broadway on Brook street, and sounded their horn. The car was driven by Charles V. Woods. Woods did not stop when he reached the intersection, but continued on into Broadway. The driver of the motorcycle then undertook to speed up his car and get across ahead of the automobile, as he had first reached the intersection, but the car struck the motorcycle broadsides in the intersection, breaking the legs of both the boys on that side of the motorcycle, and injuring them seriously.

On the other hand, there is proof for the defendant to the effect that he stopped when he reached the intersection, and that, after he started up and was well within the intersection, the boys came along on the motorcycle at a very rapid rate of speed and ran into his car.

If the evidence for the defendant was true, the boys were guilty of contributory negligence, but, if their evidence was true, the cause of the collision was the failure of the defendant to bring his car to a stop as he approached the boulevard and the fact that when he failed to do this it was too late to stop the motorcycle, and it was a question for the jury whether in the emergency that was presented the boys used ordinary care. The fact that there were three boys on the motorcycle in no wise contributed to the injury. The result would have been just the same if only the front boy, who was driving it, had been on it. The boy on the rear fender was not

seriously injured. The rule in this state is well settled that, where there is any evidence, the question is for the jury, and the defendant's motion for a peremptory instruction was properly overruled.

The court, among other things, instructed the jury as follows in instruction 1:

"1. The court instructs the jury that Broadway at the intersection of Brook Street is a boulevard; that the plaintiffs, John M. Jaglowicz and Joseph B. Jaglowicz, on their motorcycle had the right of way over said boulevard and it was the duty of the defendant, Charles V. Woods, to bring his car to a stop and not proceed across Broadway until there was no danger of collision with other vehicles."

It is insisted that the above instruction given by the court and the one asked by appellee on the trial were substantially the same. But the words, "that the plaintiffs, John M. Jaglowicz and Joseph A. Jaglowicz, on their motorcycle had the right of way over said boulevard," were not in the instruction which the defendants asked, and conveyed an idea not conveyed by that instruction. Whether the boys on the motorcycle had the right of way depended upon the circumstances; the rule being that, if they first reached the intersection, or were so near to it that in the exercise of ordinary care danger of a collision existed, then the defendant should not have entered the intersection. See authorities collected in McCulley v. Anderson (Neb.) 227 N. W. 321. This important qualification was omitted from the instruction. Under the proof the instruction was prejudicial to the substantial rights of the defendant, because it gave the boys the absolute right of way regardless of how far they were from the intersction when the defendant entered it. On another trial the court will, in lieu of the words above quoted, instruct the jury as follows:

"The court instructs the jury that Broadway, at the intersection of Brook Street, is a boulevard. The plaintiffs, Joseph A. Jaglowicz and John M. Jaglowicz, on their motorcycle had the right of way over said boulevard, as against the defendant, Charles V. Woods, if they first reached the intersection of Broadway and Brook Streets, or were so near to said intersection that in the exercise of ordi-

nary care on their part they could not stop or slow up their motorcycle so as to avoid colliding with the defendant if he moved his automobile out into the intersection. It was the duty of the defendant, Charles V. Woods, to bring his car to a stop before proceeding across Broadway, and if the plaintiffs had the right of way as against Charles V. Woods, as herein set out, it was the further duty of Charles V. Woods not to proceed across Broadway until in the exercise of ordinary care, there was no danger of colliding with the plaintiff's motor cycle.''

The court will also add to the first instruction these words: ''If the jury believe from the evidence that defendant failed to observe any one or more of the duties above mentioned and thereby caused the collision in question, the jury should find for the plaintiff unless they find for the defendant under Instruction No. 2.'' Falls City, I. & B. Co. v. Scanlon Coal Co., 208 Ky. 82, 271 S. W. 1097; Bradley et al. v. Schmidt, 223 Ky. 784, 4 S. W. (2d) 703, 57 A. L. R. 1100.

Judgment reversed, and cause remanded for a new trial.

The whole court sitting.