## City of Catlettsburg v. Sutherland's Administrator.

(Decided Nov. 29, 1935.)

536

H. F. PRICE for appellant.

DYSARD & TINSLEY and J. W. McKENZIE for appellee.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

J. J. Sutherland, with two companions, was driving south on Louisa street in the city of Catlettsburg on June 29, 1931, about 5 o'clock in the afternoon. At a point in front of the property occupied by William Puckett, Sutherland, who was driving the car, undertook to pass another automobile which was proceeding in the same direction. As he swung to the left side of the street, he lost control of the machine, and it went over an embankment, turning over several times, and finally coming to a stop in the yard of Mr. Puckett. A fire broke out inside of the machine and so seriously burned Mr. Sutherland and also one of his companions, W. J. Davis, that both of them died. The proof indicates that at the time of the accident there were two gallons of inflammable liquid in the car, which appellee claims was kerosene, and which appellant claims was moonshine whisky. This is the second appeal of this case. City of Catlettsburg v. Sutherland's Adm'r, 247 Ky. 540, 57 S. W. (2d) 512. On the first trial of this action, the plaintiff secured a verdict of $5,000. The judgment was reversed for the reason that the negligence alleged was held to be no violation of a duty owed to the plaintiff's decedent. In the companion case of City of Catlettsburg v. Davis' Adm'r, 255 Ky. 382, 74 S. W. (2d) 341, arising out of the same accident, we affirmed a judgment in the sum of $5,502 against the city. Upon the return of the case at bar to the circuit court, the petition was amended, and the same acts of negligence relied on in the Davis Case were charged in this case. On the second trial of the case, plaintiff recovered a judgment for $8,000, from which this appeal is prosecuted.

The car which plaintiff's decedent was attempting to pass was being operated by George Gallup, who, at the time, was city attorney of Catlettsburg. It is claimed by the defendant that Sutherland, in attempting to go around Gallup's car, struck its rear bumper and immediately veered to the left, ran across the street, knocked off 16 feet of curbing, and plunged down the embankment. Plaintiff, on the other hand, denies that the Gallup car was hit, but asserts that the concrete street was full of holes, ranging from three to eight inches in depth, and so numerous that they bounced the decedent's car off the left side of the road. Undoubtedly, a large slab of the concrete roadway on the left, or downhill, side had cracked and sagged several inches as a result of the ground washing out from beneath it. There is a sharp conflict in the testimony as to whether or not the decedent's car went over the embankment at this point or before it reached this point. Clearly, whether we believe plaintiff's witnesses or not, the question was properly submitted to the jury, and the jury was at liberty to believe one set of witnesses and to refuse to believe the other witnesses. It is argued with great force that the theory of the case adopted by the city accords more closely with the admitted physical facts and is entitled to more weight than the testimony on behalf of the plaintiff. This may be true, but the question yet remains one that must be determined by a jury, and we cannot say that the verdict is flagrantly against the evidence.

It is claimed by appellant that the trial court erred in permitting the widow of the decedent to testify. However, her testimony, so far as it is in any way material and not voluntarily withdrawn, did not concern "any communication between them during marriage." Civ. Code Prac. sec. 606, subsec. 1. In so far as it may be said that she was testifying for herself concerning an act done by a decedent, it will be noted that the trial occurred after the amendment of 1932 (Acts 1932, c. 59) to subsection 2 of section 606 of the Civil Code, and that such testimony is now admissible "in actions for personal injury, death or damage to property by negligence or tortious acts."

Appellant offered an instruction to the effect that if the jury believed from the evidence that the decedent was driving the automobile at a greater rate of speed than 20 miles an hour, such rate of speed was prima

facie evidence of unreasonable and improper driving. The court gave a general instruction on the duties of the decedent in the operation of the vehicle, including therein that it was the duty of the decedent "to operate said car at no greater speed than was reasonable and proper, having regard for other traffic using the same street at that time." It will be observed that while this instruction conforms to the first part of section 2739g-51 of the Statutes (Ky. Stats. Supp.), it does not include the criterion of prima facie negligence set out in subsection 2. The speed at which the decedent was proceeding was in issue; the location of the place of the accident in the residence portion of the city was admitted, as was also the fact that he was passing another car; and the defendant was entitled to have the provision of subsection 2 embodied in the instructions as it requested. Clearly, the speed at which the decedent was traveling must directly have affected the loss of control of the machine. The force or speed with which the car hit the holes in the street (assuming it did hit them) would naturally affect the force with which the steering wheel might be jerked from the driver's hands and, correspondingly, the strength or agility required on the part of the driver to maintain his course. The Legislature has seen fit to fix definite speeds that give rise to a prima facie presumption of unreasonable and improper driving in the situations mentioned in the statute. If any effect at all is to be given to this legislative criterion in the trial of automobile accident cases, it must be in the instructions of the court to the jury. A proper form of the instruction is set out in the opinion in Utilities Appliance Co. v. Toon's Adm'r, 241 Ky. 823, 45 S. W. (2d) 478. The defendant was entitled to the full benefit of the statute, and we cannot but conclude from the evidence here adduced that the failure of the court either to give a separate instruction, as suggested in Utilities Appliance Co. v. Toon's Adm'r, supra, or at least to embody the substance of the requested instruction in its general instruction on the duties of plaintiff's decedent, was prejudicial error.

Finally, it is claimed that the argument of plaintiff's counsel to the jury was improper and constituted prejudicial error. There are portions of the argument which are certainly subject to criticism, but we have no doubt that the objectionable statements will not be repeated and that the experienced counsel who tried this

case will restrain his zeal for his client to the limits of legitimate comment on the evidence before the jury

Other questions are involved, which we do not deem it necessary to consider. They are reserved.

The judgment is reversed for proceedings consistent herewith.