## White v. Saunders.
## Same v. Forbes.

Jan. 23, 1942.

Morris & Garlove for appellant.

Davis, Boehl, Viser & Marcus for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

This appeal is from a judgment in favor of appellee Saunders in an action of appellant, Charles W. White, against him and in favor of appellee, Mary Forbes, in her action against White, both actions arising out of the same automobile collision. The two cases were tried together.

The collision occurred at the intersection of Clay and Chestnut streets in Louisville, an industrial section of the city. Clay street at Chestnut is a boulevard. Saunders was driving the automobile of Mrs. Forbes, his mother-in-law, and was taking his wife and two other ladies to visit a friend. Saunders, with his three women companions, was traveling west on Chestnut and White was traveling south on Clay. Evidence for White was that his car was being operated at about twenty miles per hour and that the Saunders car was being operated at forty miles per hour and failed to stop at the intersection, running into the side of White's car when White was more than halfway across the intersection. White testified that he did not even see the Saunders car before it struck him. He testified that he had made a stop a short distance from the collision and turned off his lights but that they were on at the time of the collision.

Evidence for Saunders and Mrs. Forbes, given by the occupants of the car, was that White was operating his car at a speed of sixty miles per hour. Saunders testified that he saw the lights of the White car about thirty or thirty-five feet from him. No occupants of the Saunders car testified that White's lights were not burning although one of the women, in answer to a specific question as to whether she saw any lights, said she did

not. Two policemen testified as to smelling intoxicating liquor on White's breath. White admitted having had three drinks during the period from 4 to 7 o'clock, when the collision occurred. The same policemen testified that Saunders admitted failing to make the boulevard stop.

The first complaint made is that error was committed in refusing an instruction offered by appellant to the effect that a speed in excess of the statutory rate on Saunders' part was prima facie evidence of unreasonable and improper driving. The instruction was modeled after the one prepared by this court in Nowak v. Joseph, 275 Ky. 470, 121 S. W. (2d) 939. It is apparent that the judgments must be reversed for this reason. Section 2739g-51, prescribing maximum rates of speed, provides that a speed in excess of the maximum shall be prima facie evidence of unreasonable and improper driving. Construing this section, we have consistently held that where there is a definite and specific evidence of a speed in excess of the statutory limit it is proper for the trial court to instruct on this point. Some of the cases so holding are: Wight v. Rose, 209 Ky. 803, 273 S. W. 472; Hornek Bros. v. Strubel, 212 Ky. 631, 279 S. W. 1087; Lieberman v. McLaughlin, 233 Ky. 763, 26 S. W. (2d) 753; McCulloch's Adm'r v. Abell's Adm'r, 272 Ky. 756, 115 S. W. (2d) 386; Nowak v. Joseph, supra; Willett v. Bradas & Gheens, Inc., 283 Ky. 525, 142 S. W. (2d) 139.

It is urged by appellees, however, that it was immaterial whether Saunders was operating his car within the maximum speed limit or at a rate of one hundred miles per hour *if* he made the boulevard stop and that the jury necessarily found that he *did* make the stop (an appropriate instruction was given as to Saunders' duty to make the boulevard stop). This argument, we think, is fallacious since the jury may have believed Saunders did not make the boulevard stop and yet have found that his failure to do so was not the proximate cause of the collision, the verdict of the jury was not necessarily conclusive that Saunders stopped. In some cases we have held that where it is apparent that speed had nothing to do with a collision and the issue was sharply drawn on another point the failure to instruct with reference to speed was not prejudicial. The application of this rule is very limited, however, since in most cases of automobile collisions speed is a most vital factor. It is clear that it was a vital factor in the present case and the of-

fered instruction with reference thereto should have been given.

The jury were instructed that it was the duty of both drivers to have their headlights burning and by this instruction the jury were permitted to find against White if he failed in this duty and if such failure was the cause of the collision. It is complained that this instruction was erroneous since there was no evidence that White's headlights were not burning. We think this complaint is justified. Saunders admitted seeing the lights and no other witness testified they were not burning. It is apparent from the evidence as a whole that White's lights were burning and there was no basis for an instruction against him on this point. It might be that we would not reverse the judgment solely and alone for this reason, a question not determined, but on the next trial, if the evidence is the same, this instruction should be omitted.

The next contention is that error was committed in permitting Saunders and two of the women in his car to testify that White's car was traveling about sixty miles per hour. We find, however, that no objection was made to any of this testimony. In any event Saunders testified that he saw the White car about thirty or thirty-five feet before the collision and we think his testimony as to the speed of the car was competent to go to the jury for what it was worth. On the next trial, however, unless it more clearly appears that the women in the car had an opportunity to form an estimate of the speed of the White car such testimony on their part should be excluded.

The final complaint is to instruction No. 5. By this instruction the jury were told that if both White and Saunders were negligent and that this concurrent negligence caused the damage to Mrs. Forbes' car they should find for her against White but if Saunders' negligence was the sole cause of the collision they should find for White on Mrs. Forbes' claim.

Since the verdict in the case between White and Saunders absolved Saunders from *any* negligence, this instruction, even if erroneous, could not be prejudicial to appellant but we will dispose of this question for the purposes of the next trial.

It is the position of appellant that this instruction was erroneous for the reason that it failed to permit the jury to impute contributory negligence of Saunders to

Mrs. Forbes—in short, counsel contend that where property in the hands of a gratuitous bailee is injured by a third person contributory negligence of the bailee is imputed to the bailor.

Apparently this question has not been decided in our jurisdiction and there seems to be considerable division of opinion with reference thereto. Counsel for appellant candidly concede that the weight of authority is against them and this seems to be the case. See 45 C. J. 1027 and 3 R. C. L. 146. In the latter authority it is pointed out that the later cases have manifested a decided trend in favor of the view that contributory negligence of a bailee is not imputable to the bailor so as to debar him from bringing an action for an injury to the subject of the bailment. We prefer to adopt this latter view, basing our conclusion chiefly on the considerations that such a bailor does not have control, or the right or duty to exercise control, of the conduct of the bailee in regard to the acts of the bailee causing the injury to the subject of the bailment and that there is no privity of contract in such cases as in engagements between principal and agent and master and servant.

In the Forbes case the motion for the appeal is sustained and the appeal is granted. The judgments in both cases are reversed with directions to grant the appellant a new trial and for further proceedings consistent with this opinion.