# Patton v. Gannett.

Feb. 4, 1944.

Hiram H. Owens and Sylvester V. Little for appellant.

Lewis & Lewis for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Reversing.

The trial court directed the jury to find for the defendant in this action for personal injuries sustained in an automobile collision.

The evidence for the plaintiff was that on February 4, 1942, while driving a small truck at about 30 miles an hour and just leaving a curve in the village of Pittsburg, he saw the defendant's automobile approaching about 100 feet away in the middle of the road; he applied his brakes as soon as he saw the car was "coming into me;" as the cars met the defendant cut his automobile over to the right and swung a trailer he was pulling further over on the plaintiff's side of the road and struck the truck. The plaintiff was on his righthand side and traveling inside of the curve, which was open at that time of the year when there were no trees, so that the approaching cars could be seen. The curve is variously referred to as "a pretty good little curve," or "a pretty sharp curve," and in the questions of the defendant's counsel as a "sharp curve."

It is said in briefs that the peremptory instruction for the defendant was given because the plaintiff admitted he was driving 30 miles an hour around a sharp curve and did not prove that he sounded his horn. Section 2739g-51, Kentucky Statutes, which was in effect at the time of the accident, declared it to be prima facie unreasonable and improper driving "around any sharp curve" at a rate exceeding 25 miles an hour. Section 2739g-28, Kentucky Statutes, placed the duty upon motorists to sound the horn or other device "whenever necessary as a warning of the approach of such vehicles." The appellant maintains that the speed of his truck had nothing to do with causing the accident. See Rabold v. Gonyer, 285 Ky. 618, 148 S. W. (2d) 728; White v. Saunders, 289 Ky. 268, 158 S. W. (2d) 393.

The term "sharp curve" used in Section 2739g-51 is defined by Section 2739g-1 as meaning "a curve of not less than thirty degrees." There is no evidence in the record that the curve where the accident occurred is of that character. The general description of a "sharp curve" is too general and obviously is but the opinion of the witness. Before it could be held as a matter of law that the plaintiff was guilty of contributory negligence because he had exceeded the prima facie unreasonable speed confined to a sharp curve, there must have been conclusive or uncontradicted proof that it was not less than 30 degrees. National Linen Supply Company v. Snowden, 288 Ky. 374, 375, 156 S. W. (2d) 186; Southern Oxygen Company v. Martin, 291 Ky. 238, 163 S. W. (2d) 459. Without such proof, the rate of speed determinative of reasonableness and prudence was that declared for a "straight-away, unobstructed highway," which is 45 miles per hour.

Since the duty to sound a horn depends upon the necessity of the occasion, which is ordinarily a question for the jury, the absence of evidence as to whether the horn was sounded or not sounded, or the necessity thereof under the circumstances, did not authorize a peremptory instruction upon the ground of contributory negligence.

The judgment is reversed.