252 P.2d 786

**EDWARDS v. GASTON.**

No. 5475.

Supreme Court of Arizona.

Jan. 30, 1953.

Rehearing Denied March 3, 1953.

Herbert Mallamo, of Phoenix (Leslie Parry, Phoenix, of counsel), for appellant.

Moore & Romley, Chas. L. Hardy, and William P. Mahoney, Jr., of Phoenix, for appellee.

STANFORD, Chief Justice.

Action was brought in the trial court by the plaintiff-appellant herein against the defendant-appellee for damages to her car, sustained in a collision at 20th Street and Roosevelt Street in Phoenix, Arizona on October 4, 1949. This appellant was not the driver of the car nor was she in the car at the time of the collision. The car was borrowed of this appellant by her mother who was going on an independent errand.

The car of appellant was going west on Roosevelt. The car of appellee was going south on 20th Street. Drivers on Roosevelt had the right of way over 20th Street drivers, and on 20th Street there was a warning sign some 75 feet to the north of the entrance of Roosevelt, the warning being that a stop signal was ahead, and there was a stop signal at the intersection of Roosevelt Street.

After a trial by jury the verdict and judgment was for the appellee and appellant now appeals from the judgment and from the denial of the motion for new trial.

Appellant's car, being driven westward, entered the intersection of Roosevelt & 20th Streets before appellee's car entered the intersection. There were no stop signals or signs for drivers on Roosevelt at this place and appellant's car was at a point about two-thirds of the way through the intersection when it was struck by appellee's car. The driver of appellant's car saw the appellee approaching Roosevelt from the north on 20th Street, and it was her belief, as the evidence shows, that that car would stop as directed by the stop signal and that she would have no trouble going through the intersection. Appellant's car was a 1948 Dodge sedan and was purchased by her in June, 1949. Its value before the accident in question was $1500; and after the accident its salvaged value was between $300 and $325. The car was repaired at a cost of $781.89.

In considering appellant's assignments of error we will take I and IIA together since they both set forth the contention that there was no evidence presented in the lower court to warrant that court in instructing the jury as to contributory negligence on the part of the driver of appellant's car. We shall quote from portions of the transcript wherein the driver of appellant's car was being cross-examined and which we consider pertinent in answering the assignments:

"Q In any event, your testimony now is you entered the intersection going 22 to 25 miles an hour, is that right? A That is right.

"Q And when you saw the other car coming, do you know how fast it was coming? A Yes. He was going 35 to 40 miles an hour. He was coming pretty fast.

\*      \*      \*      \*      \*      \*

"Q Did you continue to observe that car from that point, 90 or 100 feet east of the intersection, until the accident occurred? A Yes, sir.

\* \* \* \* \* \*

"Q When you were 50 feet, you saw the car coming? A Yes.

"Q Do you know how far it was from the intersection at that time? A I know he was past the second sign, was between the two signs. (Referring to the warning signal and the stop sign)

"Q He was between the two signs? A Yes.

"Q At that time what was his speed? A Well, about 35 or 40.

"Q It continued at the same rate of speed? A It seemed to me.

"Q And you were going at the same rate of speed, I mean 22 to 25 miles an hour? A Yes.

\* \* \* \* \* \*

"Q As you were coming west on Roosevelt Street, you continued all the time at about 22 to 25 miles an hour until the accident happened? A Yes.

"Q During all that time, the Gaston car was coming south on Twentieth Street? A Yes.

"Q At a very fast rate? A Yes.

"Q 35 to 40 miles an hour? A Yes.

"Q And you, seeing him come down at a fast rate of speed, you didn't slow down, at all? A Well, I thought—

"Q Not what you thought. Did you slow down your car? A No, kept going between 22 and 25 miles."

Unquestionably the evidence would have warranted the jury in finding that the defendant-appellee was negligent, and whether the court properly by instruction submitted the question of contributory negligence to the jury is dependent on whether the evidence would have warranted the jury in also finding that the driver of appellant's car was negligent. This court has heretofore announced the rule that one traveling upon a favored highway and approaching an intersection may be negligent if, when approaching such intersection, he observes another driver approaching the intersection on an intersecting highway with the duty imposed upon him to stop, and from such observation has knowledge that the car entering the favored highway is not going to act within the law and stop as required, and after having such knowledge continues on, he would be guilty of negligence. Nichols v. City of Phoenix, 68 Ariz. 124, 202 P.2d 201.

We are of the opinion that under the evidence in this case the jury could have legally inferred that the driver of appellant's car had knowledge that the defendant-appellee was not going to observe

the stop sign, and proceeded notwithstanding such knowledge, and under such circumstances had the right to find her guilty of contributory negligence.

Assignment IIB of appellant's brief also declares that the trial court erred in giving any instructions on contributory negligence, and in support of this contention cites the proposition of law that the contributory negligence of a bailee is not imputed to the bailor where the bailor is suing a third person for damage to the subject of the bailment. White v. Saunders, 1942, 289 Ky. 268, 158 S.W.2d 393; 6 Am.Jur., Bailments, Torts, Section 489, Vol. II, page 1272. Section 310, page 407; Restatement of

■ Appellant did not present to the lower court the above point of law as a ground for refusing the instructions on contributory negligence. Counsel for appellant based his objection upon the ground that there was no evidence of contributory negligence in the case. There is considerable authority to the effect that a party cannot change or add to his objections or the grounds thereof in the appellate court. Rule 51, Rules Civil Procedure, designated as Section 21–1019, A.C.A.1939, provides:

"* * * No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. * * *"

From the reading of that portion of the rule quoted above it is obvious that appellant, in order to preserve her right to appeal from alleged errors of the lower court with regard to the instructions given upon contributory negligence, should have more distinctly set forth her grounds for objecting. The appellant failed in this respect and therefore gave the lower court no opportunity to pass upon her proposition of law which she relies upon here on appeal. Vol. 5, Moore's Federal Practice, 2d Ed., p. 2505.

■ It is alleged under assignment of error III that the lower court erred in giving appellee's requested instruction on the last clear chance rule. No objection whatsoever was made by the appellant in the lower court to the giving of that instruction. Where instructions are not objected to, they may not be assigned as error. Ruth v. Rhodes, 66 Ariz. 129, 185 P.2d 304; Kauffroath v. Wilbur, 66 Ariz. 152, 185 P.2d 522; Valley Transp. System v. Reinartz, 67 Ariz. 380, 197 P.2d 269; Tipton v. Burson, 73 Ariz. 144, 238 P.2d 1098.

■ Assignments of error IV and V are worded as follows in appellant's brief:

"IV. The Court erred in refusing to allow the withdrawal of the part of the repair bill (Ex.L, Abst. 57–60) showing insurance.

"V. The Court erred in overruling objections to questions about the fact of insurance."

These assignments are patently defective as they wholly fail to point out in what respect and for what reason the ruling was erroneous. This court has held consistently and repeatedly that it will not consider assignments of error which do not conform to the requirements of Rule X of this court. In re Graham's Estate, 73 Ariz. 179, 239 P.2d 365; Meyer v. Killingsworth, 73 Ariz. 143, 238 P.2d 1097; Meloy v. Saint Paul Mercury Indemnity Co., 72 Ariz. 406, 236 P.2d 732, and cases cited therein.

The judgment is affirmed.

PHELPS, LA PRADE, UDALL and WINDES, JJ., concur.