## FISHER v. WHITAKER et al.

## KENNEDY v. WHITAKER et al.

Court of Appeals of Kentucky.

March 27, 1953.

Rehearing Denied Oct. 9, 1953.

James T. Robertson, Louisville, for appellants.

Mayer, Cooper & Kiel, Louisville, for appellees.

CULLEN, Commissioner.

Miss Alice Fisher and Mrs. Allye Mae Kennedy, claiming to have sustained personal injuries while they were passengers on a bus of the Blue Motor Coach Lines, brought actions for damages against the bus company and its driver. The actions were tried together and the jury returned verdicts for the defendants. Miss Fisher and Mrs. Kennedy appeal from the judgments entered on the verdicts.

The appellants contend that (1) they were entitled to a peremptory instruction on the issue of liability because, as a matter of law, the bus driver was negligent and the passengers were free of contributory negligence; (2) even if the question of negligence of the bus driver was properly

submitted to the jury, it was error to give an instruction on contributory negligence; and (3) the court erred in failing to instruct on the duty of the bus driver to sound his horn.

Clark's Lane, running east and west, intersects with Delor Street, running north and south, on the outskirts of the city of Louisville. Clark's Lane is an arterial street, and there are stop signs on Delor Street at the intersection. On the morning of the accident the appellees' bus, going west on Clark's Lane, stopped at the northeast corner of the intersection to pick up Miss Fisher and Mrs. Kennedy. The bus stopped about five feet east of the curb line of Delor Street. After Miss Fisher and Mrs. Kennedy had boarded the bus, and before they had taken seats, the driver started the bus in motion, and then abruptly stopped to avoid a collision with an automobile going north on Delor Street, which came through the intersection at a high rate of speed and did not stop for the stop sign. Miss Fisher was thrown to the floor, and Mrs. Kennedy claims to have been thrown against the rail and coin box in the front of the bus.

On direct examination, and in parts of his testimony on cross-examination, the bus driver stated that he looked to his left before starting the bus, saw the car approaching on Delor Street, and assumed it would stop for the stop sign; he then put the bus in motion and had traveled a distance of only five feet before he realized that the car was not going to stop, and he then stepped on the brake and brought the bus to a quick stop. He said that he thought he had reached a speed of five miles an hour before he stopped. Some of the passengers on the bus corroborated the driver as to the distance the bus traveled before stopping, and the rate of speed it had attained. The plaintiffs, and some of the other passengers, stated that the bus had traveled half-way across the intersection before it stopped.

On cross-examination, by persistent questioning, counsel for the plaintiffs succeeded in obtaining affirmative answers by the bus driver to questions so phrased as to indicate that the driver had not looked to his left before starting the bus in motion. However, at the close of his cross-examination, the driver stated that he had been confused by earlier questions, and that he "noticed the car at the same time I made my move".

The appellants contend that when the driver admitted that he did not look to his left before starting the bus, he established as a matter of law a failure to comply with the high standard of care required of carriers of passengers for hire. We cannot accept this argument. It is undisputed that the driver looked before he actually entered the intersection, and he had the bus under such control that he was able to stop before entering the path of the car on the intersecting street.

The bus was brought to an abrupt stop because of an emergency. We are unable to say that as a matter of law the bus driver was negligent in failing sooner to discover the emergency. To so hold would be to impose upon bus drivers the absolute duty never to commence to move away from a stop at an intersection without first making certain that all vehicles on the intersecting street will obey all rules of traffic.

■ Because of the conflict in the evidence, and because we think that reasonable minds might differ as to whether the bus driver conformed to the required standard of care, the issue of the driver's negligence properly was submitted to the jury. See 13 C.J.S., Carriers, § 750, p. 1410; 10 Am. Jur., Carriers, §§ 1343, 1344, pp. 213, 214.

■ On the question of contributory negligence of the plaintiffs, the evidence was conflicting as to what the two women did after boarding the bus. Some witnesses said they stood at the front of the bus, talking and looking at some pictures one of the women had in her hand. Another witness said they had started to walk down the aisle to take seats, but had passed several available seats. The driver said that they were walking down the aisle, with Miss Fisher walking backwards and talking with Mrs. Kennedy. There was evidence that there was an overhead handrail for the convenience of the passengers and that neither woman used the handrail. In view of the

evidence, we think it was proper to give a contributory negligence instruction. Dudley v. Blue Ribbon Lines, 309 Ky. 308, 217 S.W.2d 629; 10 Am.Jur., Carriers, §§ 1501, 1502, p. 293; 13 C.J.S., Carriers, § 795, p. 1576.

As concerns the duty to sound the horn, there clearly was no error in failing to instruct on that duty. When the bus driver discovered that the car on the approaching street was not going to stop, it was too late for the sounding of the horn to have accomplished any purpose. Prior to that time, there was no duty on the bus driver to sound his horn as a warning to the other driver to obey the law. Willett v. Bradas & Gheens, Inc., 283 Ky. 525, 142 S.W.2d 139.

The judgment is affirmed.