**Olene PAYNE, Appellant,**

v.

**B–LINE CAB COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 23, 1955.

Edward A. Dodd, Dodd & Dodd, Geo. J. Long, Louisville, for appellant.

Ben T. Cooper, Mayer, Cooper & Kiel, Louisville, for appellees.

CULLEN, Commissioner.

A collision occurred at the intersection of Floyd and Breckenridge Streets, in Louisville, between a taxicab of the B-Line Cab Company and an automobile driven by one Leslie Johnson. Miss Olene Payne, a passenger in the cab, was injured, and she brought suit against the cab company, its driver, and Johnson. Judgment by default was entered against Johnson, who made no appearance in the action and whose deposition was not taken. Pre-trial depositions of Miss Payne and the cab driver were taken, and on the basis of these depositions the cab company and its driver moved for a summary judgment in their favor, on the ground that there was no showing of negligence on their part. The court granted the summary judgment, and Miss Payne has appealed.

The cab was going north on Floyd Street and the Johnson car was going east on

Breckenridge Street, which is a one-way street to the east. Traffic at the intersection was regulated by a stop-and-go light. In her deposition, Miss Payne stated that as the cab approached the intersection the light was green in its favor, and although she was not paying any attention to speed the cab was not "hurrying". She did not see the other vehicle or observe anything else prior to the collision; in fact, her testimony was that she "didn't see nothing until after it was over." However, she did hear Johnson say, after the collision, that his foot had "slipped off the brakes".

The cab driver, in his deposition, stated that when the cab was about half a block from the intersection the light changed to green in his favor, and was green when he entered the intersection. He had been driving around 20 miles per hour but when he saw the Johnson car he slowed to 10 miles per hour and entered the intersection at that speed. He first saw the Johnson car when it was around 100 feet from the intersection, traveling in the north lane on Breckenridge Street. As it came near the intersection he saw the front end of the car dip down as ordinarily occurs when the brakes are applied. He assumed that the Johnson car was stopping and he continued into the intersection. The right front fender of the Johnson car struck the left front fender of the cab, in the northeast quarter of the intersection. The collision was not a major one, since the cab was moved only 12 inches to the east. The cab driver heard Johnson say that his foot had slipped off the brakes.

It will be obvious from the foregoing résumé of the evidence that the only suggestion of negligence on the part of the cab driver arises from the fact that he entered the intersection (with the green light in his favor) without first making absolutely certain that the Johnson car was going to stop. The appellant argues, in substance, that the high degree of care owed by the cab driver as a common carrier required him not to enter the intersection until there was a reasonable certainty that he could do so in safety, and that

under the evidence there was a genuine issue of fact as to whether the cab driver had conformed to this standard of care.

In Fisher v. Whitaker, Ky., 260 S.W.2d 651, 652, we said that the law did not impose upon a bus driver the absolute duty never to enter an intersection without first making certain that "all vehicles on the intersecting street will obey all rules of traffic."

In Southeastern Greyhound Lines v. Donohue, 298 Ky. 139, 182 S.W.2d 328, 331, a bus and a truck, proceeding in opposite directions on a highway, collided. The evidence showed that when the vehicles were some 600 yards from each other, the truck crossed the center line and drove partly in the wrong lane; it continued in the wrong lane until within 150 yards of the bus, when it returned to its proper lane; then, just as the vehicles met, the truck again crossed into the wrong lane and struck the bus. A passenger in the bus recovered a verdict against the bus company, on the theory that the bus driver should have anticipated the second wrong move by the truck. A judgment on the verdict was reversed by this Court, it being the opinion of the Court that the act of the truck driver in returning to his proper lane, some distance before the vehicles met, "fully justified the bus driver in assuming that the truck driver was alert and would continue to drive the truck in its proper path."

In the case now before us, the impression of the cab driver that the Johnson car appeared to be braking to a stop seems to have been fully warranted, in view of the subsequent statement by Johnson, heard both by the plaintiff and the cab driver, that Johnson's foot slipped off the brakes. We are of the opinion that the cab driver was justified under the circumstances in entering the intersection, and that even the high degree of care imposed upon him as a common carrier did not require that he wait until the Johnson car actually did come to a stop, before he entered the intersection.

We recognize that summary judgments in negligence cases should be granted with extreme caution, because determination of the issue of fact of negligence depends upon application of the inexact standard of care of an ordinarily prudent man. See Bell v. Harmon, Ky., —— S.W.2d ——. However, if the plaintiff in a negligence case is to resist successfully the defendant's motion for summary judgment, the plaintiff must show in some way that there will be evidence upon the trial to create a genuine issue on the fact of negligence. Here, the depositions submitted on the motion for summary judgment furnished no basis for a belief that the plaintiff could produce evidence sufficient to make a triable issue of negligence on the part of the defendants. Accordingly, we think the granting of the summary judgment was proper in this case.

The judgment is affirmed.