**Milford Homer MAYSE, Appellant,**

v.

**Lucille Gallup MARTIN, Appellee.**

Court of Appeals of Kentucky.

Dec. 13, 1968.

John Simpson, Catlettsburg, Charles S. Sinnette, Ashland, for appellant.

Creech & Hogg, Ashland, for appellee.

CULLEN, Commissioner.

Milford Mayse, while undertaking to repair a roof on a bathroom addition to a dwelling owned by Lucille Martin, fell

from the roof and was injured. He sued Mrs. Martin for damages, alleging that she had failed to provide a safe place for his work and that she was an employer "affected by" the Workmen's Compensation Act who had not elected to operate under the Act wherefore, under KRS 342.410, she could not avail herself of the defense of contributory negligence. The circuit court held a pre-trial hearing on the workmen's compensation question and thereupon entered an order finding as a fact and as a conclusion of law that Mrs. Martin did not have "three or more employes regularly engaged in the same occupation or business," KRS 342.005, and therefore was not subject to the Workmen's Compensation Act. The case thereafter went to the jury on the issues of negligence and contributory negligence and at the close of the plaintiff's evidence the court directed a verdict for the defendant, apparently on the ground that the plaintiff was contributorily negligent as a matter of law. Judgment was entered dismissing the action, from which judgment the plaintiff Mayse has appealed.

■ The appellant contends, first, that the trial court erred in ruling that Mrs. Martin did not have three or more employes regularly engaged in the same occupation or business and was therefore not subject to the Workmen's Compensation Act. The record indicates that the trial court's ruling was based on *evidence* taken at the pre-trial conference. That evidence is not in the record on appeal. Accordingly there is no basis upon which this court can review the trial court's finding.

The appellant's second contention is that the direction of a verdict against him was error. We shall briefly review the evidence.

Mayse, whose occupation was that of a painter and paperhanger, was a tenant of Mrs. Martin's. He "worked out" his rent doing repair and maintenance work on various rental properties owned by Mrs. Martin. At her request he undertook to repair the roof on a bathroom addition to one of her rental houses. After removing the composition roofing paper and wooden sheathing he found that the rafters were rotten and needed replacing. He ordered new materials but was told by the supplier that delivery could not be made until the following day. Mayse so informed Mrs. Martin and she directed him to put a temporary covering over the roof to protect it from rain during the night. She then left the premises and he proceeded with the undertaking to install the temporary covering. He went up on the roof and nailed three 1 x 10 sheathing boards across the rafters; one next to the house, one across the middle of the roof, and one along the outer ends of the rafters. Next, he laid sheets of aluminum roofing material over the sheathing and proceeded to nail the roofing to the sheathing boards. He completed nailing the roofing to the board next to the house and to the one across the middle of the roof, and was in the process of nailing to the board along the ends of the rafters when, he said, the roof "bent" or "gave way" along the edge, causing him to lose his balance and fall to the ground. He said that as he lay on the ground, looking up, he saw that the end of one of the rafters was protruding down about two inches, indicating that it had cracked.

■ Mayse admits that he knew the rafters were rotten and that it was dangerous to put his weight on them. However, he seeks to avoid the bar of contributory negligence by invoking the rule of law that where the employe is commanded by his employer to proceed with a dangerous task the employe's dependent and inferior position and the economic compulsions operating upon him are to be taken into consideration; the employe, though aware of the danger, is not to be held contributorily negligent unless the danger is so obvious and imminent that an ordinary prudent person *in his situation* would have refused to encounter it; and ordinarily this is a question for the jury. He relies on such cases as City of Owensboro v. Gabbert, 135

Ky. 346, 122 S.W. 178; E. J. O'Brien & Co. v. Shelton's Administrator, 246 Ky. 537, 55 S.W.2d 352; and Wallis v. Illinois Central Railroad Company, 276 Ky. 436, 124 S.W.2d 481.

■ We recognize the rule but for several reasons we find it not controlling in the instant case. In the first place there obviously were safe *methods* by which Mayse could have covered the roof. He was not commanded by his employer to use an unsafe method; he merely was ordered to do the work, being left to his own judgment as to *how* to do it. Having had his own choice of methods, he is not absolved of his contributory negligence by the mere fact that his employer ordered the work to be done. See Chesapeake & O. Ry. Co. v. Vanhoose, 208 Ky. 117, 270 S.W. 740; Louisville Water Co. v. Darnell, 189 Ky. 771, 225 S.W. 1057; Philips v. Keltner's Adm'r, 276 Ky. 254, 124 S.W.2d 71.

■ In the second place, the rule here sought to be invoked clearly contemplates a situation in which the employer has knowledge at least equal to if not greater than that of the employe with respect to the nature of the hazard. Here Mayse was the expert and the one with experience; Mrs. Martin was not trained or experienced in carpentry work. Mayse did not rely on her *judgment* or on any assurance by her that there was no danger. In such circumstances the rule does not apply. See H. G. Nunnelley Co. v. Prather, 157 Ky. 157, 162 S.W. 812.

In the third place, as concerns the element of economic compulsion, there is no basis for a conclusion that a loss of his side-job with Mrs. Martin and an ouster from his home for nonpayment of rent were the only alternatives to Mayse's going ahead with the work without regard to hazards. See Crush v. Kaelin, Ky., 419 S. W.2d 142.

■ The foregoing reasons are enough to render the rule inapplicable in this case. However, we shall add that we are inclined

to the belief that the danger involved in doing the work by the method employed by Mayse was so obvious to him that as a matter of law he would have to be held contributorily negligent even if he had been commanded by an experienced employer to use that method.

The judgment is affirmed.

All concur.