Russell SAMUELS, Appellant,

v.

Jack SPANGLER and his wife, Lillian McArthur Spangler, Appellees.

Court of Appeals of Kentucky.

Jan. 31, 1969.

Rehearing Denied June 20, 1969.

John S. Kelley, Fulton, Hubbard & Kelley, Bardstown, for appellant.

Athol L. Taylor, Taylor & Pike, Shepherdsville, for appellees.

CULLEN, Commissioner.

Russell Samuels brought action against Jack Spangler and wife to recover damages for personal injuries sustained by Samuels when he fell from a tree on the Spangler property while he was engaged, as a temporary, part-time employe of the Spanglers, in cutting some wood in the tree. At the close of the opening statement on the trial, by Samuels' attorney, the Spanglers moved for a directed verdict. After a conference in chambers the trial court sustained the motion and entered judgment dismissing the action. Samuels has appealed.

The opening statement was as follows:

"The plaintiff is a 56 year-old farmer who had an 8th grade education, and as a part of his farm duties, he purchased slop from the distillery as feed; that the defendant, Jack Spangler, was the manager of that distillery and requested and hired plaintiff to come to his home in Mt. Washington and cut some stumps at ground level so that he could run his mower over them. Plaintiff owned a power driven saw and went to the home of the defendant, and at the direction of the defendant, Jack Spangler, who was then and there present, proceeded to cut the stumps. When he finished cutting the stumps, Jack Spangler requested that plaintiff cut some plywood that was nailed to the limbs in a tree some eight or nine feet up in the air; that the defendant then proceeded to secure a ladder, which he did. The ladder was six feet high; that the plaintiff, under the direction of the defendant, proceeded up the ladder which was not high enough and it became necessary for him to get in the tree where he did some cutting and was straddling a limb and sawing the limb under him when the saw pinched, and fearing that the defendant Spangler was in danger of the saw falling on him, he shoved the saw away, and in doing so, fell to the ground, injuring himself; and that is the contention of the plaintiff, that the defendant, Spangler, who had employed plaintiff to do the work, failed in the duties outlined in KRS 338.030."

After the Spanglers moved for a directed verdict the court called the parties into

**131**

chambers and gave Samuels' counsel the opportunity to "state any fact upon which relief can be granted." The counsel then repeated the substance of his opening statement. The court expressed the view that the facts as stated would not warrant a recovery, and again offered Samuels' counsel the opportunity "to restate his case, if he can state any actionable negligence against the defendant." The counsel offered no further statement and made no indication that his proof would develop other facts. The court thereupon dismissed the action.

■ Samuels says here that the trial court dismissed his action simply because of the failure of the opening statement to "state a cause of action," and he argues that a case cannot properly be dismissed on opening statement merely because of insufficiency of the opening statement to support a case, but only when the opening statement makes *admissions* that are fatal to the case. He cites Riley v. Hornbuckle, Ky., 366 S.W.2d 304, and Baker v. Case Plumbing Mfg. Co., Ky., 423 S.W. 2d 258, which do stand for the proposition he argues. Of course if a plaintiff made a statement of *facts* showing contributory negligence as a matter of law on his part, that would be an "admission" fatal to his case. However, even as concerns the latter, the plaintiff should not be held to have stated himself out of court by admissions in his opening statement unless the admissions are of an unequivocally fatal nature.

■ By reason of the course of action taken by the trial judge in chambers we think that this case properly may be measured according to the principles applicable to summary judgments rather than those applicable simply to opening statements. The trial judge gave the plaintiff's counsel full opportunity to state or indicate what facts might be developed upon the trial to absolve the plaintiff of the contributory negligence plainly shown by the facts contained in the opening statement. Plaintiff's counsel tac-

itly conceded that he could prove no facts other than as shown in the opening statement. Accordingly, it was apparent that there was no issue to be tried. On a summary judgment motion where on the basis of such evidentiary matter as has been presented there is no genuine issue of material fact on which a finding could be made to sustain the plaintiff's claim, the plaintiff, in order to successfully resist the motion, is required to show that some evidence will be forthcoming on the trial to create such an issue. Tarter v. Arnold, Ky., 343 S.W.2d 377; Payne v. B-Line Cab Co., Ky., 282 S.W.2d 342. (He may not be required to *produce* such evidence but he must make a showing that there will be such evidence.) We think the same rule is applicable here, in the circumstances of this case.

■ We say that the opening statement showed the plaintiff to have been contributorily negligent as a matter of law because it showed that the danger involved in doing the work in question by the method employed by the plaintiff necessarily must have been so obvious that an ordinarily prudent man in his situation would have refused to encounter it. Cf. Mayse v. Martin, Ky., 435 S.W.2d 71 (decided December 13, 1968). Plainly there was no substantial economic compulsion operating on Samuels to obey a direction of Spangler to do the work in a dangerous way because Samuels' employment by Spangler was stated to be merely casual. Samuels was fully aware of the dangers involved, and probably more so than was Spangler, because he was the one who purported to be experienced in the use of the power saw and he had hired himself out to Spangler as a sawman. The statement shows that Samuels chose the position in which to do the work and that the method was of his choice. So there were no special factors in the situation that would have induced an ordinarily prudent man, in that situation, to have exposed himself to the obvious dangers.

The judgment is affirmed.

All concur.